ORIGINAL

FILED
NOV 16 2005
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| NELSON CONSTRUCTION COMPANY, an Idaho corporation; and DONALD J. NELSON,<br><br>Plaintiffs,<br><br>v.<br><br>The UNITED STATES operating through the UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, WESTERN FEDERAL LANDS HIGHWAY DIVISION,<br><br>Defendant. | ) | No. ____________ |

**COMPLAINT**

COMES NOW the Plaintiffs, NELSON CONSTRUCTION COMPANY ("NCC") and DONALD J. NELSON ("NELSON"), by and through its counsel of record, Kim J. Trout and the law firm of Trout & Nemec, PLLC, and in claim against the UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, WESTERN FEDERAL LANDS HIGHWAY DIVISION ("Federal Highways"), complain and allege as follows:

**JURISDICTION**

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1491.

## GENERAL ALLEGATIONS

1. Plaintiff NCC is a corporation in good standing duly organized under the laws of the State of Idaho with its principal place of business in Boise, state of Idaho.

2. Plaintiff Nelson is a resident of Ada County, state of Idaho.

3. In or about April of 2001, Defendant Federal Highways awarded Contract Number DTFH70-01-C-00017 to Lemhi Environmental Diversified, Inc. (hereinafter "Lemhi") as general contractor for work to be performed on a stretch of Idaho State Highway 21 (hereinafter "Contract"). The project was also referred to as "ID PFH 82-1(1) Atlanta Road" (hereinafter "Atlanta Road Project" or "Project").

4. NCC was a subcontractor to Lemhi on the Project.

5. Travelers Casualty & Surety Company of America (hereinafter "Travelers") was Lemhi's surety on the Performance Bond and Payment Bond on the Project (Exhibit A).

6. Lemhi soon encountered problems in the construction of said Project and refused to pay NCC funds that were due NCC on said Project.

7. NCC made claim for payment upon the Miller Act Payment Bond issued by Travelers.

8. On May 22, 2002, Lemhi assigned to Travelers the "money due or to become due under the contract" for the Project (hereinafter "Assignment") (Exhibit B).

9. On May 28, 2002 at 12:47 p.m., Federal Highways acknowledged receiving notice of the Assignment (Exhibit C).

10. From June until November 2002, Federal Highways paid Travelers the monies due under the Contract as agreed in the Assignment.

11. On or about January 28, 2003, Lemhi and Federal Highways entered into a Settlement Agreement whereby Lemhi agreed to settle all claims against Federal Highways related to the Project in exchange for $614,270.67 (Exhibit D).

12. Because of the Assignment, Travelers, not Lemhi, was entitled to the payment of said $614,270.67.

13. Despite having knowledge of the Assignment, agreeing to pay the contract proceeds to Travelers, and Federal Highways history of paying Travelers pursuant to the Assignment; Federal Highways paid Lemhi said $614,270.67.

14. As a result of Federal Highways wrongful payment to Lemhi instead of Travelers, Travelers was short the amount of $269,270.67 for payment to NCC as a subcontractor on the Project.

15. As the payment surety, Travelers owed NCC more than $269,270.67 for compensation under NCC Subcontract Agreement with Lemhi.

16. Nelson and NCC were indemnitors of the performance and payment bonds for the Project pursuant to a General Agreement of Indemnity (Exhibit E).

17. As indemnitors of the Payment Bond, NCC and Nelson were liable to Travelers for all liability of Travelers to NCC under the Payment Bond.

18. As indemnitors of the payment bond, NCC and Nelson are equitably subrogated to the rights of Travelers as assignee of the Contract proceeds.

19. By reason of the contract of suretyship, Travelers rights as surety, the Assignment and the doctrine of equitable subrogation; Travelers, and as a result NCC and Nelson, are entitled to payment from Federal Highways in the amount of $269,270.67.

20. All Exhibits referenced herein are incorporated by reference as if set forth herein in their entirety.

**Count 1**

**WRONGFUL PAYMENT**

21. NCC and Nelson incorporate by reference the allegations contained in paragraphs 1 through 20 above, as though fully set forth herein.

22. Travelers was entitled to payment from Federal Highways of the monies under the Contract.

23. Despite Federal Highways' knowledge of Travelers rights to the monies, Federal Highways failed to pay said monies to Travelers.

**Count 2**

**EQUITABLE SUBROGATION**

24. NCC and Nelson incorporate by reference the allegations contained in paragraphs 1 through 23 above, as though fully set forth herein.

25. Travelers was obligated to pay NCC and other subcontractors and suppliers on the Project as the Miller Act Payment Bond surety.

26. NCC and Nelson, as the indemnitors of the Payment Bond, were obligated to pay Travelers for payments made by Travelers pursuant to the Payment Bond.

27. NCC and Nelson, as the equitably subrogated holders of Travelers' rights against Federal Highways, are entitled to payment from Federal Highways in the amount of $269,270.67.

**PRAYER FOR RELIEF**

WHEREFORE, NCC and Nelson pray for payment in the amount of $269,270.67 plus interest and costs, in addition to any other relief as the Court may in equity award.

DATED this 11th day of November, 2005.

TROUT & NEMEC, PLLC

Kim J. Trout
P.O. Box 9695
Boise, Idaho 83707-3695
3067 East Copper Point Dr.
Meridian, Idaho 83642
Telephone: (208) 376-4461
Facsimile: (208) 376-4481

Attorneys for Plaintiffs,
NELSON CONSTRUCTION COMPANY
and DONALD J. NELSON

| PAYMENT BOND (See instructions on reverse) Bond# 103616256 | DATE BOND EXECUTED (Must be same or later than date of contract) May 8, 2001 | OMB No.:9000-0045 |
|---|---|---|

...rting burden for this collection of information is estimate to average 25 minutes per response, including the time for reviewing instructions, searching existing da... gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any oth... this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washingto... DC 20405

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) |
|---|---|
| Lemhi Environmental Diversified, Inc.<br>P.O. Box 642<br>Hwy 91 & Agency Rd.<br>Fort Hall, ID. 83203 | ☐ INDIVIDUAL ☐ PARTNERSHIP<br>☐ JOINT VENTURE ☒ CORPORATION<br>STATE OF INCORPORATION<br>Idaho |

| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| Travelers Casuatly and Surety Company of America<br>1161 W. River St. Ste. 150<br>Boise, ID. 83702 | 2 | 399 | 189 | 30 |
| | CONTRACT DATE: MAY -1 2001 | CONTRACT NO.: DTFH70-01-C-00017 | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**PRINCIPAL**

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | Lemhi Environmental Diversified, Inc. [signature] (Seal) | [signature] (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | Dan Copeland V.P. | [signature] President | | |

**INDIVIDUAL SURETY(IES)**

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) (Typed) | | |

**CORPORATE SURETY(IES)**

| NAME & ADDRESS | Travelers Casualty and Surety Company of America 1161 W. River St. Ste. 150 Boise, ID. | STATE OF INC. CT | LIABILITY LIMIT $ | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. [signature] | 2. | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Terry S. Robb Attorney-In-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

EXHIBIT A

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.228(c)

CORPORATE SURETY(IES) *(Continued)*

| | | | | | |
|---|---|---|---|---|---|
| | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corpor Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY C | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

This form, for the protection of persons supplying labor and material, is :d when a payment bond is required under the Act of August 24, 1935, Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will uire the written approval of the Administrator of General Services.

Insert the full legal name and business address of the Principal in the ıce designated "Principal" on the face of the form. An authorized son shall sign the bond. Any person signing in a representative ıacity (e.g., an attorney-in-fact) must furnish evidence of authority if t representative is not a member of the firm, partnership, or joint ture, or an officer of the corporation involved.

(a) Corporations executing the bond as sureties must appear on the ›artment of the Treasury's list of approved sureties and must act ›in the limitation listed therein. Where more than one corporate surety ıvolved, their names and addresses shall appear in the spaces (Surety Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY
Hartford, Connecticut 06183-9062
TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS
Naperville, Illinois 60563-8458

POWER OF ATTORNEY AND CERTIFICATE OF AUTHORITY OF ATTORNEY(S)-IN-FACT

KNOW ALL PERSONS BY THESE PRESENTS, THAT TRAVELERS CASUALTY AND SURETY COMPANY O AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY corporations duly organized under the laws of the State of Connecticut, and having their principal offices in the City of Hartford County of Hartford, State of Connecticut, and TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS, corporation duly organized under the laws of the State of Illinois, and having its principal office in the City of Naperville, County c DuPage, State of Illinois, (hereinafter the "Companies") hath made, constituted and appointed, and do by these presents make constitute and appoint: **William F. Post, Mary Rigel or Terry S. Robb * ***

of **Boise, ID**, their true and lawful Attorney(s)-in-Fact, with full power and authority hereby conferred to sign, execute an acknowledge, at any place within the United States, or, if the following line be filled in, within the area there designated
the following instrument(s):
by his/her sole signature and act, any and all bonds, recognizances, contracts of indemnity, and other writings obligatory in th nature of a bond, recognizance, or conditional undertaking and any and all consents incident thereto

and to bind the Companies, thereby as fully and to the same extent as if the same were signed by the duly authorized officer of the Companies, and all the acts of said Attorney(s)-in-Fact, pursuant to the authority herein given, are hereby ratified an confirmed.

This appointment is made under and by authority of the following Standing Resolutions of said Companies, which Resolutions a now in full force and effect:

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President, any Vice President, ar econd Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or any Assistant Secretary may appoint Attorneys-in-Fa nd Agents to act for and on behalf of the company and may give such appointee such authority as his or her certificate of authority may prescrit to sign with the Company's name and seal with the Company's seal bonds, recognizances, contracts of indemnity, and other writings obligatory the nature of a bond, recognizance, or conditional undertaking, and any of said officers or the Board of Directors at any time may remove any suc appointee and revoke the power given him or her.

VOTED: That the Chairman, the President, any Vice Chairman, any Executive Vice President, any Senior Vice President or any Vice Preside may delegate all or any part of the foregoing authority to one or more officers or employees of this Company, provided that each such delegation in writing and a copy thereof is filed in the office of the Secretary.

VOTED: That any bond, recognizance, contract of indemnity, or writing obligatory in the nature of a bond, recognizance, or condition undertaking shall be valid and binding upon the Company when (a) signed by the President, any Vice Chairman, any Executive Vice President, ar Senior Vice President or any Vice President, any Second Vice President, the Treasurer, any Assistant Treasurer, the Corporate Secretary or ar Assistant Secretary and duly attested and sealed with the Company's seal by a Secretary or Assistant Secretary, or (b) duly executed (under seal, required) by one or more Attorneys-in-Fact and Agents pursuant to the power prescribed in his or her certificate or their certificates of authority by one or more Company officers pursuant to a written delegation of authority.

**This Power of Attorney and Certificate of Authority is signed and sealed by facsimile under and by authority of the followir Standing Resolution voted by the Boards of Directors of TRAVELERS CASUALTY AND SURETY COMPANY O AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY, FARMINGTON CASUALTY COMPANY an TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS, which Resolution is now in full force and effect:**

VOTED: That the signature of each of the following officers: President, any Executive Vice President, any Senior Vice President, any Vi President, any Assistant Vice President, any Secretary, any Assistant Secretary, and the seal of the Company may be affixed by facsimile to ar power of attorney or to any certificate relating thereto appointing Resident Vice Presidents, Resident Assistant Secretaries or Attorneys-in-Fact f purposes only of executing and attesting bonds and undertakings and other writings obligatory in the nature thereof, and any such power of attorn or certificate bearing such facsimile signature or facsimile seal shall be valid and binding upon the Company and any such power so executed ar certified by such facsimile signature and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond undertaking to which it is attached.

WHEREOF, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS AND SURETY COMPANY, FARMINGTON CASUALTY COMPANY and TRAVELERS CASUALTY AND COMPANY OF ILLINOIS have caused this instrument to be signed by their Senior Vice President, and their corporate be hereto affixed this 17th day of August, 1999.

STATE OF CONNECTICUT

}SS. Hartford

COUNTY OF HARTFORD

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
TRAVELERS CASUALTY AND SURETY COMPANY
FARMINGTON CASUALTY COMPANY
TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS

By ______________________
George W. Thompson
Senior Vice President

On this 17th day of August, 1999 before me personally came GEORGE W. THOMPSON to me known, who, being by me duly sworn, did depose and say: that he/she is Senior Vice President of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY, FARMINGTON CASUALTY COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS, the corporations described in and which executed the above instrument; that he/she knows the seals of said corporations; that the seals affixed to the said instrument are such corporate seals; and that he/she executed the said instrument on behalf of the corporations by authority of his/her office under the Standing Resolutions thereof.

Marie C Tetreault

My commission expires June 30, 2001 Notary Public
Marie C. Tetreault

CERTIFICATE

I, the undersigned, Assistant Secretary of TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY and FARMINGTON CASUALTY COMPANY, stock corporations of the State of Connecticut, and TRAVELERS CASUALTY AND SURETY COMPANY OF ILLINOIS, stock corporation of the State of Illinois, DO HEREBY CERTIFY that the foregoing and attached Power of Attorney and Certificate of Authority remains in full force and has not been revoked; and furthermore, that the Standing Resolutions of the Boards of Directors, as set forth in the Certificate of Authority, are now in force.

Signed and Sealed at the Home Office of the Company, in the City of Hartford, State of Connecticut. Dated this 8 day of May , 2001.

By ______________________
Brian Hoffman
Assistant Secretary, Bond

JAN-29-1900 19:14

# ASSIGNMENT

Date: May ___, 2002

KNOW ALL MEN BY THESE PRESENTS: For value received the undersigned Assignor does hereby assign, set over and transfer to TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, Assignee, of Auburn, Washington, all right, title and interest to all monies due or to become due Assignor from the U.S. Department of Transportation, Federal Highway Administration, Western Federal Lands Highway Division, construction contract number DTFH 70-01-C-00017, Atlanta Road, Boise National Forest, Project No. ID PFH 82-1(1) (the "Project"), arising from the performance by Assignor of work on the Project.

The Assignee shall not be held responsible for the performance of any work for the manufacture or delivery of any of the items mentioned in said contract or contracts.

Signed Sealed and Delivered.

Lemhi Environmental Diversified, Inc.

Assignor
Roderick Ariwite, President

STATE OF IDAHO )
) ss
COUNTY OF ADA )

On this 22 day of May, 2002, before me, the undersigned, a Notary Public in and for the State of Idaho, duly commissioned and sworn, personally appeared Roderick Ariwite, to me known to be the President of Lemhi Environmental Diversified, Inc., the corporation that executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that he was authorized to execute the instrument and that the seal affixed is the corporate seal of said corporation.

Witness my hand and official seal hereto affixed the day and year first above written.

SHEREE C. BRONCHO NOTARY PUBLIC STATE OF IDAHO

Sheree C. Broncho
Notary Public in and for the State of Idaho, residing at Bingham
My Commission expires on 6/24/2002

## ATTESTATION

I, Roderick Ariwite, am the Secretary of Lemhi Environmental Diversified, Inc., the corporation that executed the foregoing instrument. I hereby affirm that the instrument is the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, that the corporation has the power and authority to enter into the assignment, that the president was authorized to execute the instrument ~~and that the seal~~ affixed is the corporate seal of said corporation.

Roderick Ariwite, Secretary

TOTAL P.02

EXHIBIT B

TOTAL P.01

# NOTICE OF ASSIGNMENT

DATE: May 22, 2002

TO: Mr..John C. Snyder, Construction Operations Engineer
US Department of Transportation
Federal Highway Administration
Western Federal Lands Highway Division
610 East Fifth Street
Vancouver, WA 98661-3801

Contractor: Lemhi Environmental Diversified, Inc.
P.O. box 642
Fort Hall, Idaho 83202

Contract No.: DTFH70-01-C00017

Project: Atlanta Road, Boise National Forest, Project No. ID PFH 82-1(1)

RECEIVED
FHWA-VANCOUVER
02 MAY 28 PM 12:47
MAIL ROOM

PLEASE TAKE NOTICE that money due or to become due under the contract described above has been assigned to the undersigned.

A true copy of the instrument of assignment is attached hereto.

Payments due or to become due under such contract should be made to the Assignee, as follows:

Chase Manhattan Bank, N.A.
New York, NY
ABA Number: 021000021
Account Number: 910-2-765857
Account Name: Travelers Casualty and Surety Company

Reference: "Bond File-687644"

Please return to the undersigned the enclosed copy of this notice with appropriate notations showing the date and hour of receipt and duly signed by the person acknowledging receipt on behalf of the addressee.

Very truly yours,

TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA
Attention: Mr. Gerald M. Ormiston
3455 S. 344th Way, Suite 200
Auburn, Washington 98001

By: [signature]
Jan D. Sokol, Attorney for Assignee



EXHIBIT
C

Receipt is hereby acknowledged of the above notice and a copy of the above mentioned instrument of assignment. These were received at 12:47 a.m./p.m. on May 28, 2002.

Signature

On behalf of: US Department of Transportation
Federal Highway Administration
Western Federal Lands Highway Division

# SETTLEMENT AGREEMENT
## ID PFH 82-1(1), ATLANTA ROAD
## DTFH70-01-C-00017

Lemhi Environmental Diversified (hereafter the Contractor) and the United States of America, U.S. Department of Transportation, Federal Highway Administration (hereafter FHWA), acting by and through their duly designated representatives, have agreed to settle all issues arising from or relating to Contract No. DTFH70-01-C-00017 on the following terms:

1. FHWA will pay the Contractor the sum of six hundred thousand fourteen, two hundred seventy dollars and sixty-seven cents ($614,270.67) in full settlement and satisfaction of any and all claims that the Contractor, its agents, servants, or employees may have, or may hereafter acquire against FHWA, arising from or relating to the above-identified contract.

2. The Contractor will accept the sum six hundred thousand fourteen, two hundred seventy dollars and sixty-seven cents ($614,270.67) in full and final satisfaction of any and all claims and demands which the Contractor, its successors, or assigns, may now have or may hereafter acquire against FHWA, or any of its agents, servants, or employees, arising from or relating to the above-identified contract.

3. This instrument constitutes a compromise settlement, which settlement does not constitute any admission of liability or fault on the part of FHWA or the Contractor in reference to the issues addressed by this Settlement Agreement.

4. Payment of the above-stated sum shall constitute a complete release from and bar to any and all causes of actions, claims, rights, liens, or subrogated interests, known or unknown, to the Contractor or to FHWA, by reason of, arising from, or relating to the above-captioned contract, except for claims arising out of criminal conduct, breach of warranty, misrepresentation, or fraud.

5. The undersigned, on behalf of the Contractor and the United States, declare and represent that they fully understand the terms of this Settlement Agreement and voluntarily enter into the same.

6. This Settlement Agreement contains the entire agreement between the parties and the terms of this release are contractual and not a mere recital. Each party agrees to bear its own expenses, costs, and fees relating to the above-identified dispute.

7. No portion of this agreement is severable from any other.

**Lembi Environmental Diversified**

By: [signature]

Date: 1-24-03

**Federal Highway Administration**

By: [signature]
William L. Parsons
Contracting Officer

Date: 01-28-03

EXHIBIT
D

# General Agreement Of Indemnity

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERIC**
**Hartford, Connecticut 06183**

This General Agreement of Indemnity ("Agreement") is entered into by the undersigned ("Indemnitor") and Travelers Casualty and Surety Company of America ("Company"), witnesseth:

**WHEREAS**, in the transaction of business, certain Bonds have heretofore been and may hereafter be required by, for, or on behalf of the Indemnitor or any one or more of the parties included in the designation Indemnitor. Application has been made and will hereafter be made to the Company to execute such Bonds. As a prerequisite to the execution of such Bonds, the Company requires complete indemnification.

**NOW, THEREFORE**, as an inducement to the Company and in consideration of the execution and delivery by the Company of one or more Bonds, and for other good and valuable consideration, the Indemnitors do, for themselves, their heirs, executors, administrators and assigns, jointly and severally agree with the Company as follows:

1. **Definitions: "Bond"** Any and all contractual obligations which have been or will be undertaken by the Company on behalf of or at the request of Indemnitor, including renewals and extensions. **"Company"** Travelers Casualty and Surety Company of America, its affiliated companies, successors, assigns, parents and subsidiaries whether now existing or formed hereafter. **"Indemnitor"** Any one, or combination of any or all of the entities or individuals set forth below. **"Corporate Indemnitors"** are defined as the entity named below and their successors, assigns, subsidiaries, parents, affiliates, partnerships, joint ventures, or as co-venturer with others, whether now existing or formed hereafter. **"Contract"** An agreement of the Indemnitor for which the Company executes a Bond, procures a Bond, or has guaranteed performance. **"Default"** Any of the following shall constitute a Default: (a) a declaration of Contract default by the obligee or entity for whom a Contract is performed; (b) actual breach or abandonment of any Contract; (c) a breach of any provision of this Agreement; (d) failure to make payment of a properly due and owing bill in connection with any Contract; (e) the establishment by the Company in good faith of a reserve; (f) improper diversion of Contract funds or Indemnitor assets to the detriment of Contract obligations; (g) any Indemnitor becomes the subject of any proceeding or agreement of bankruptcy, receivership, insolvency, creditor assignment or actually becomes insolvent; (h) Indemnitor dies, becomes legally incompetent, is imprisoned, is convicted of a felony, or disappears and cannot be located; (i) any representation furnished to the Company by or on behalf of the Indemnitor proves to have been materially false or misleading when made.

2. **Payment of Premium:** The Indemnitor shall pay to the Company all premiums for every Bond executed and all renewals and extensions thereof, until the Company is discharged and fully released in writing from each such Bond.

3. **Indemnification and Hold Harmless:** The Indemnitor shall exonerate, indemnify and save the Company harmless from and against every claim, loss, damage, demand, liability, cost, charge, suit, judgment, attorney's fee, and expense which the Company incurs in consequence of having executed, or procured the execution of such Bonds. Expense includes the cost of procuring or attempting to procure release from liability, or in bringing suit to enforce this Agreement against any Indemnitor.

4. **Claim Settlement:** The Company shall have the right, in its sole discretion, to determine for itself and the Indemnitor whether any claim or suit brought against the Company or the Indemnitor upon any such Bond shall be paid, compromised, settled, defended or appealed, and its decision shall be binding and conclusive upon the Indemnitor. An itemized statement thereof sworn to by an employee of the Company or a copy of the voucher of payment shall be prima facie evidence of the propriety and existence of Indemnitor's liability. The Company shall be entitled to reimbursement for any and all payments made by it under the belief it was necessary or expedient to make such payments.

5. **Collateral Security:** Indemnitor agrees to pay the Company, upon demand, an amount sufficient to discharge any claim or demand made against the Company on any Bond. Indemnitor further agrees to pay the Company, upon demand, an amount equal to the value of improperly diverted Indemnitor assets or Contract Funds. These sums may be used by the Company to pay such claim or be held by the Company as collateral security against any loss, claim, liability or unpaid premium on any Bond. The Company shall have no duty to invest, or provide interest on the deposit.

6. **Remedies:** In the event of a Default, Indemnitor assigns, conveys, and transfers to the Company all of the rights and interest growing in any manner out of the Contracts and assigns all right, title, and interest of all of Indemnitor's plant, tools, vehicles, machinery, equipment and materials, to be effective as of the date of such Contracts. In addition, in the event of a Default, the Company shall have a right at its sole discretion to:

   (a) Take possession of the work under any Contract and to complete said Contract, or cause, or consent, to the completion thereof;

   (b) Take possession of the Indemnitor's equipment, tools, machinery, vehicles, materials, office equipment, books, records, documents, and supplies at the site of the work or elsewhere and utilize them for the completion of the work under the Contracts without payment for such use;

   (c) Assert or prosecute any right or claim in the name of the Indemnitor and to settle any such right or claim as the Company sees fit;

EXHIBIT
E

(d) Execute in the name of the Indemnitor any instruments deemed necessary or desirable by the Company to: (a)provide the Company with title to assets, (b)take immediate possession of Contract funds whether earned or unearned, (c)collect such sums as may be due Indemnitor and to endorse in the name of the Indemnitor, and (d)collect on any negotiable instruments;

(e) Take possession of the Indemnitor's rights, title and interest in and to all Contracts, subcontracts let and insurance policies in connection therewith;

(f) Be subrogated to all the rights, remedies, properties, funds, securities and receivables of the Indemnitor on said Contract or any other contract of Indemnitor and have the right to offset losses on any Contract or Bond against proceeds, funds, or property due from another contract or Bond.

7. **Joint and Several Liability:** The obligations of each Indemnitor hereunder are joint and several. The Company is authorized to settle with any one or more of the Indemnitors individually, and without reference to the others, and such settlement shall not bar or prejudice actions against or affect the liability of the others.

8. **Decline Execution:** The Company has the right to refuse to provide any Bond, including final Bonds where the Company provided a bid bond, without incurring any liability whatsoever to Indemnitor.

9. **Trust Fund:** All payments due, received for or on account of any Contract shall be held in trust as trust funds by Indemnitor for the benefit and payment of all obligations for which the Company as beneficiary may be liable under any Bond issued by the Company. Company may open a trust account or accounts with a bank for the deposit of the trust funds. Upon demand, Indemnitor shall deposit therein all trust funds received. Withdrawals from such trust accounts shall require the express consent of the Company.

10. **Books, Records and Credit:** Indemnitor shall furnish, and the Company shall have the right to free access at reasonable times to all the books, records, documents, and accounts of Indemnitor for the purpose of examining and copying them. Indemnitor expressly authorizes Company access to its credit records for underwriting purposes as well as, upon the establishment of a reserve, debt collection.

11. **Attorney in Fact:** Indemnitor constitutes, appoints and designates the Company as their attorney in fact with the right, but not the obligation, to exercise all rights of the Indemnitor assigned or granted to the Company and to execute and deliver any other assignments or documents deemed necessary by the Company to exercise its rights under this Agreement in the name of the Indemnitor.

12. **Security Interest:** As security, the Indemnitor hereby grants to Company a security interest in all of its equipment, machinery, vehicles, tools, and material, as well as sums due or to become due in connection with any contract. This Agreement shall constitute a Security Agreement and a Financing Statement for the benefit of the Company in accordance with the Uniform Commercial Code and all similar statutes and may be filed by the Company without notice to perfect the security interest granted herein. The Company may add schedules or other documents to this Agreement as necessary. The security interests are effective as of the date of each Contract for that Contract.

13. **Termination:** This is a continuing Agreement which remains in full force and effect until terminated. The sole method available to an Indemnitor to terminate its participation in this Agreement is by giving written notice to the Company of the Indemnitor's intent to terminate. The "Termination Date" shall be 30 days after the Company receives such notice. The obligation and liability of the particular Indemnitor giving such notice shall be limited to Bonds furnished before the Termination Date.

14. **Other Sureties:** If the Company procures the execution of Bonds by other sureties, executes Bonds with cosureties or obtains reinsurance, the provisions of this Agreement inure to the benefit of such other surety, cosurety or reinsurer.

15. **Nature of Rights:** If any provision or portion of this Agreement shall be unenforceable, this Agreement shall not be void, but shall be construed and enforced with the same effect as though such provision or portion were omitted. Assent or refusal to assent to changes in any Contract or Bond by the Company shall not affect the obligations of the Indemnitor to the Company. The Company's rights under this Agreement are in addition to all other rights of the Company however derived. The rights and remedies afforded to the Company by the terms of this Agreement can only be modified by a rider in writing to this Agreement signed by an authorized representative of the Company. If any Indemnitor fails to execute or improperly executes this Agreement, such failure shall not affect the obligations of any Indemnitor. The failure to sign or the improper execution of a Bond shall not affect the Company's rights under this Agreement.

**WE HAVE READ THIS INDEMNITY AGREEMENT CAREFULLY. THERE ARE NO SEPARATE AGREEMENTS OR UNDERSTANDINGS WHICH IN ANY WAY LESSEN OUR OBLIGATIONS AS ABOVE SET FORTH.**

**IN TESTIMONY WHEREOF**, the Indemnitors have hereunto set their hands and fixed their seals this 20 day of April, 2001.

IMPORTANT:
1. PRINT OR TYPE NAMES UNDER EACH SIGNATURE.
2. EACH INDEMNITOR'S SIGNATURE MUST BE ACKNOWLEDGED BY A NOTARY WHO IS NOT AN EMPLOYEE OR FAMILY MEMBER OF AN INDEMNITOR.
3. EACH PERSONAL INDEMNITOR MUST PROVIDE A RESIDENTIAL ADDRESS AND SOCIAL SECURITY NUMBER AND EACH CORPORATION INDEMNITOR MUST PROVIDE AN ADDRESS AND TELEPHONE NUMBER.
4. CORPORATIONS MUST BE ATTESTED TO BY A DULY AUTHORIZED CORPORATE OFFICER.

**CORPORATE or PARTNERSHIP INDEMNITORS**

Each of the undersigned hereby affirms to the Company that I am a secretary or a duly authorized officer, manager or official of each of the business entities which entered into the foregoing General Contract of Indemnity as an Indemnitor. In such capacity I am familiar with all of the documents set forth and establish the rights which govern the affairs, power and authority of such business entity including, to the extent applicable, the certificate or articles of incorporation, bylaws, corporate resolutions, partnership, and operating or limited liability agreements of such business entity. Having reviewed all such applicable documents and instruments and such other facts as I deem appropriate, I hereby affirm that such entity has the power and authority to enter into such General Contract of Indemnity and that the individual executing such General Contract of Indemnity on behalf of such entity is duly authorized to do so.

**LEMHI ENVIRONMENTAL DIVERSIFIED, INC.**

Attest: ______
Name & Title: Dan Copeland, Vice-President

By: ______ (Seal)
Name & Title: Roderick Ariwite, President
Telephone: 208-238-5808
Address: PO Box 642
Fort Hall, Idaho 83203

**NELSON CONSTRUCTION CO.**

Attest: ______
Name & Title: Chris D. Nelson, Secretary

By: ______ (Seal)
Name & Title: Donald J. Nelson, President
Telephone: 208-343-3051
Address: 4301 Federal Way
Boise, Idaho 83716

By: ______
Name: Roderick Ariwite, Individually
SS #: 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
Address: P.O. Box 642 Ft Hall, ID 83203

By: ______
Name: Rose M. Ariwite, Individually
SS #: 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
Address: P.O. Box 642 Ft Hall, ID 83203

By: ______
Name: Dan Copeland, Individually
SS #: 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
Address: 606 Gary St. Pocatello, ID. 83201

By: ______
Name: Janice S. Copeland, Individually
SS #: 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
Address: 606 Gary St. Pocatello, ID 83201

By: ______
Name: Donald J. Nelson, Individually
SS #: 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
Address:

By: ______
Name: Karin H. Nelson, Individually
SS #: 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
Address:

**CORPORATE ACKNOWLEDGEMENT**

STATE OF Idaho
COUNTY OF Bannock

On this 20th day of April, 2001, before me personally appeared Dan Copeland, known or proven to me to be the Vice - President, of the corporation, executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed to said corporation and that it was affixed and that he executed said instrument by authority of the Board of Directors of said corporation. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Tammie Barbre
Notary Public residing at Pocatello, ID
(Commission expires 7-14-01)

**CORPORATE ACKNOWLEDGEMENT**

STATE OF Idaho
COUNTY OF Bannock

On this 20th day of April, 2001, before me personally appeared Roderick Ariwite, known or proven to me to be the President, of the corporation, executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed to said corporation and that it was affixed and that he executed said instrument by authority of the Board of Directors of said corporation. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Tammie Barbre
Notary Public residing at Pocatello, ID
(Commission expires 7-14-01)

**CORPORATE ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Ada

On this 1st day of May, ______, before me personally appeared Chris Nelson, known or proven to me to be the Sec.-Tres., of the Nelson Construction Co corporation, executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed to said corporation and that it was affixed and that he executed said instrument by authority of the Board of Directors of said corporation. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Dorothy A. Britton

Notary Public residing at Idaho

(Commission expires March 1, 2001)

DOROTHY A. BRITTON NOTARY PUBLIC STATE OF IDAHO

**CORPORATE ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Ada

On this 1st day of May, ______, before me personally appeared Donald J. Nelson, known or proven to me to be the President, of the Nelson Construction Co corporation, executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed to said corporation and that it was affixed and that he executed said instrument by authority of the Board of Directors of said corporation. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Dorothy A. Britton

Notary Public residing at Idaho

(Commission expires March 1, 2001)

DOROTHY A. BRITTON NOTARY PUBLIC STATE OF IDAHO

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Bannock

On this 20th day of April, 2001, before me personally appeared Roderick Ariwite to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that he executed the same for purposes, considerations and uses therein set forth ____________ free and voluntary act and deed.

Tammie Barbie

Notary Public residing at Pocatello, ID

(Commission expires 7-14-01)

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Bannock

On this 20th day of April, 2001, before me personally appeared Dan Copeland, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that he executed the same for purposes, considerations and uses therein set forth ____________ free and voluntary act and deed.

Tammie Barbie

Notary Public residing at Pocatello, ID

(Commission expires 7.14.2001)

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Bannock

On this 20th day of April, 2001, before me personally appeared Rose M. Ariwite, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that She executed the same for purposes; considerations and uses therein set forth ____________ free and voluntary act and deed.

Tammie Barbie

Notary Public residing at Pocatello, ID

(Commission expires 7.14.2001)

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Bannock

On this 20th day of April, 2001, before me personally appeared Janice S. Copeland to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that She executed the same for purposes, considerations and uses therein set forth ____________ free and voluntary act and deed.

Tammie Barbie

Notary Public residing at Pocatello, ID

(Commission expires 7.14.2001)

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Ada

On this 1st day of May, ______, before me personally appeared Donald J. Nelson, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that he executed the same for purposes, considerations and uses therein set forth ______ free and voluntary act and deed.

Dorothy A. Britton

Notary Public residing at Idaho

(Commission expires March 7, 2006)

DOROTHY A. BRITTON NOTARY STATE OF IDAHO

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Ada

On this 1st day of May, ______, before me personally appeared Karen A. Nelson, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that ______ executed the same for purposes, considerations and uses therein set forth ______ free and voluntary act and deed.

Dorothy A. Britton

Notary Public residing at Idaho

(Commission expires March 7, 2006)

DOROTHY A. BRITTON NOTARY STATE OF IDAHO

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF ______

COUNTY OF ______

On this ______ day of ______, ______, before me personally appeared ______, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that ______ executed the same for purposes, considerations and uses therein set forth ______ free and voluntary act and deed.

______

Notary Public residing at ______

(Commission expires ______)

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF ______

COUNTY OF ______

On this ______ day of ______, ______, before me personally appeared ______, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that ______ executed the same for purposes, considerations and uses therein set forth ______ free and voluntary act and deed.

______

Notary Public residing at ______

(Commission expires ______)