# General Agreement Of Indemnity

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERIC
Hartford, Connecticut 06183

This General Agreement of Indemnity ("Agreement") is entered into by the undersigned ("Indemnitor") and Travelers Casualty and Surety Company of America ("Company"), witnesseth:

WHEREAS, in the transaction of business, certain Bonds have heretofore been and may hereafter be required by, for, or on behalf of the Indemnitor or any one or more of the parties included in the designation Indemnitor. Application has been made and will hereafter be made to the Company to execute such Bonds. As a prerequisite to the execution of such Bonds, the Company requires complete indemnification.

NOW, THEREFORE, as an inducement to the Company and in consideration of the execution and delivery by the Company of one or more Bonds, and for other good and valuable consideration, the Indemnitors do, for themselves, their heirs, executors, administrators and assigns, jointly and severally agree with the Company as follows:

1. **Definitions: "Bond"** Any and all contractual obligations which have been or will be undertaken by the Company on behalf of or at the request of Indemnitor, including renewals and extensions. **"Company"** Travelers Casualty and Surety Company of America, its affiliated companies, successors, assigns, parents and subsidiaries whether now existing or formed hereafter. **"Indemnitor"** Any one, or combination of any or all of the entities or individuals set forth below. **"Corporate Indemnitors"** are defined as the entity named below and their successors, assigns, subsidiaries, parents, affiliates, partnerships, joint ventures, or as co-venturer with others, whether now existing or formed hereafter. **"Contract"** An agreement of the Indemnitor for which the Company executes a Bond, procures a Bond, or has guaranteed performance. **"Default"** Any of the following shall constitute a Default: (a) a declaration of Contract default by the obligee or entity for whom a Contract is performed; (b) actual breach or abandonment of any Contract; (c) a breach of any provision of this Agreement; (d) failure to make payment of a properly due and owing bill in connection with any Contract; (e) the establishment by the Company in good faith of a reserve; (f) improper diversion of Contract funds or Indemnitor assets to the detriment of Contract obligations; (g) any Indemnitor becomes the subject of any proceeding or agreement of bankruptcy, receivership, insolvency, creditor assignment or actually becomes insolvent; (h) Indemnitor dies, becomes legally incompetent, is imprisoned, is convicted of a felony, or disappears and cannot be located; (i) any representation furnished to the Company by or on behalf of the Indemnitor proves to have been materially false or misleading when made.

2. **Payment of Premium:** The Indemnitor shall pay to the Company all premiums for every Bond executed and all renewals and extensions thereof, until the Company is discharged and fully released in writing from each such Bond.

3. **Indemnification and Hold Harmless:** The Indemnitor shall exonerate, indemnify and save the Company harmless from and against every claim, loss, damage, demand, liability, cost, charge, suit, judgment, attorney's fee, and expense which the Company incurs in consequence of having executed, or procured the execution of such Bonds. Expense includes the cost of procuring or attempting to procure release from liability, or in bringing suit to enforce this Agreement against any Indemnitor.

4. **Claim Settlement:** The Company shall have the right, in its sole discretion, to determine for itself and the Indemnitor whether any claim or suit brought against the Company or the Indemnitor upon any such Bond shall be paid, compromised, settled, defended or appealed, and its decision shall be binding and conclusive upon the Indemnitor. An itemized statement thereof sworn to by an employee of the Company or a copy of the voucher of payment shall be prima facie evidence of the propriety and existence of Indemnitor's liability. The Company shall be entitled to reimbursement for any and all payments made by it under the belief it was necessary or expedient to make such payments.

5. **Collateral Security:** Indemnitor agrees to pay the Company, upon demand, an amount sufficient to discharge any claim or demand made against the Company on any Bond. Indemnitor further agrees to pay the Company, upon demand, an amount equal to the value of improperly diverted Indemnitor assets or Contract Funds. These sums may be used by the Company to pay such claim or be held by the Company as collateral security against any loss, claim, liability or unpaid premium on any Bond. The Company shall have no duty to invest, or provide interest on the deposit.

6. **Remedies:** In the event of a Default, Indemnitor assigns, conveys, and transfers to the Company all of the rights and interest growing in any manner out of the Contracts and assigns all right, title, and interest of all of Indemnitor's plant, tools, vehicles, machinery, equipment and materials, to be effective as of the date of such Contracts. In addition, in the event of a Default, the Company shall have a right at its sole discretion to:

   (a) Take possession of the work under any Contract and to complete said Contract, or cause, or consent, to the completion thereof;

   (b) Take possession of the Indemnitor's equipment, tools, machinery, vehicles, materials, office equipment, books, records, documents, and supplies at the site of the work or elsewhere and utilize them for the completion of the work under the Contracts without payment for such use;

   (c) Assert or prosecute any right or claim in the name of the Indemnitor and to settle any such right or claim as the Company sees fit;

EXHIBIT
E
tabbies

(d) Execute in the name of the Indemnitor any instruments deemed necessary or desirable by the Company to: (a)provide the Company with title to assets, (b)take immediate possession of Contract funds whether earned or unearned, (c)collect such sums as may be due Indemnitor and to endorse in the name of the Indemnitor, and (d)collect on any negotiable instruments;

(e) Take possession of the Indemnitor's rights, title and interest in and to all Contracts, subcontracts let and insurance policies in connection therewith;

(f) Be subrogated to all the rights, remedies, properties, funds, securities and receivables of the Indemnitor on said Contract or any other contract of Indemnitor and have the right to offset losses on any Contract or Bond against proceeds, funds, or property due from another contract or Bond.

7. **Joint and Several Liability:** The obligations of each Indemnitor hereunder are joint and several. The Company is authorized to settle with any one or more of the Indemnitors individually, and without reference to the others, and such settlement shall not bar or prejudice actions against or affect the liability of the others.

8. **Decline Execution:** The Company has the right to refuse to provide any Bond, including final Bonds where the Company provided a bid bond, without incurring any liability whatsoever to Indemnitor.

9. **Trust Fund:** All payments due, received for or on account of any Contract shall be held in trust as trust funds by Indemnitor for the benefit and payment of all obligations for which the Company as beneficiary may be liable under any Bond issued by the Company. Company may open a trust account or accounts with a bank for the deposit of the trust funds. Upon demand, Indemnitor shall deposit therein all trust funds received. Withdrawals from such trust accounts shall require the express consent of the Company.

10. **Books, Records and Credit:** Indemnitor shall furnish, and the Company shall have the right to free access at reasonable times to all the books, records, documents, and accounts of Indemnitor for the purpose of examining and copying them. Indemnitor expressly authorizes Company access to its credit records for underwriting purposes as well as, upon the establishment of a reserve, debt collection.

11. **Attorney in Fact:** Indemnitor constitutes, appoints and designates the Company as their attorney in fact with the right, but not the obligation, to exercise all rights of the Indemnitor assigned or granted to the Company and to execute and deliver any other assignments or documents deemed necessary by the Company to exercise its rights under this Agreement in the name of the Indemnitor.

12. **Security Interest:** As security, the Indemnitor hereby grants to Company a security interest in all of its equipment, machinery, vehicles, tools, and material, as well as sums due or to become due in connection with any contract. This Agreement shall constitute a Security Agreement and a Financing Statement for the benefit of the Company in accordance with the Uniform Commercial Code and all similar statutes and may be filed by the Company without notice to perfect the security interest granted herein. The Company may add schedules or other documents to this Agreement as necessary. The security interests are effective as of the date of each Contract for that Contract.

13. **Termination:** This is a continuing Agreement which remains in full force and effect until terminated. The sole method available to an Indemnitor to terminate its participation in this Agreement is by giving written notice to the Company of the Indemnitor's intent to terminate. The "Termination Date" shall be 30 days after the Company receives such notice. The obligation and liability of the particular Indemnitor giving such notice shall be limited to Bonds furnished before the Termination Date.

14. **Other Sureties:** If the Company procures the execution of Bonds by other sureties, executes Bonds with cosureties or obtains reinsurance, the provisions of this Agreement inure to the benefit of such other surety, cosurety or reinsurer.

15. **Nature of Rights:** If any provision or portion of this Agreement shall be unenforceable, this Agreement shall not be void, but shall be construed and enforced with the same effect as though such provision or portion were omitted. Assent or refusal to assent to changes in any Contract or Bond by the Company shall not affect the obligations of the Indemnitor to the Company. The Company's rights under this Agreement are in addition to all other rights of the Company however derived. The rights and remedies afforded to the Company by the terms of this Agreement can only be modified by a rider in writing to this Agreement signed by an authorized representative of the Company. If any Indemnitor fails to execute or improperly executes this Agreement, such failure shall not affect the obligations of any Indemnitor. The failure to sign or the improper execution of a Bond shall not affect the Company's rights under this Agreement.

**WE HAVE READ THIS INDEMNITY AGREEMENT CAREFULLY. THERE ARE NO SEPARATE AGREEMENTS OR UNDERSTANDINGS WHICH IN ANY WAY LESSEN OUR OBLIGATIONS AS ABOVE SET FORTH.**

**IN TESTIMONY WHEREOF,** the Indemnitors have hereunto set their hands and fixed their seals this 20 day of April, 2001.

IMPORTANT:

1. PRINT OR TYPE NAMES UNDER EACH SIGNATURE.
2. EACH INDEMNITOR'S SIGNATURE MUST BE ACKNOWLEDGED BY A NOTARY WHO IS NOT AN EMPLOYEE OR FAMILY MEMBER OF AN INDEMNITOR.
3. EACH PERSONAL INDEMNITOR MUST PROVIDE A RESIDENTIAL ADDRESS AND SOCIAL SECURITY NUMBER AND EACH CORPORATION INDEMNITOR MUST PROVIDE AN ADDRESS AND TELEPHONE NUMBER.
4. CORPORATIONS MUST BE ATTESTED TO BY A DULY AUTHORIZED CORPORATE OFFICER.

## CORPORATE or PARTNERSHIP INDEMNITORS

Each of the undersigned hereby affirms to the Company that I am a secretary or a duly authorized officer, manager or official of each of the business entities which entered into the foregoing General Contract of Indemnity as an Indemnitor. In such capacity I am familiar with all of the documents set forth and establish the rights which govern the affairs, power and authority of such business entity including, to the extent applicable, the certificate or articles of incorporation, bylaws, corporate resolutions, partnership, and operating or limited liability agreements of such business entity. Having reviewed all such applicable documents and instruments and such other facts as I deem appropriate, I hereby affirm that such entity has the power and authority to enter into such General Contract of Indemnity and that the individual executing such General Contract of Indemnity on behalf of such entity is duly authorized to do so.

**LEMHI ENVIRONMENTAL DIVERSIFIED, INC.**

Attest: ____________________
Name & Title: Dan Copeland, Vice-President

By: ____________________(Seal)
Name & Title: Roderick Ariwite, President
Telephone: 208-238-5808
Address: PO Box 642
Fort Hall, Idaho 83203

**NELSON CONSTRUCTION CO.**

Attest: ____________________
Name & Title: Chris D. Nelson, Secretary

By: ____________________(Seal)
Name & Title: Donald J. Nelson, President
Telephone: 208-343-3051
Address: 4301 Federal Way
Boise, Idaho 83716

By: ____________________
Name: Roderick Ariwite, Individually
SS #: 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
Address: P.O. Box 642 Ft. Hall, Id 83203

By: ____________________
Name: Rose M. Ariwite, Individually
SS #: 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
Address: P.O. Box 642 Ft Hall, Id 83203

By: ____________________
Name: Dan Copeland, Individually
SS #: 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
Address: 606 Gary St. Pocatello, Id. 83201

By: ____________________
Name: Janice S. Copeland, Individually
SS #: 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
Address: 606 Gary St. Pocatello, ID 83201

By: ____________________
Name: Donald J. Nelson, Individually
SS #: 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
Address:

By: ____________________
Name: Karin H. Nelson, Individually
SS #: 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
Address:

S-5007 (11-97)

## CORPORATE ACKNOWLEDGEMENT

STATE OF Idaho

COUNTY OF Bannock

On this 20th day of April, 2001, before me personally appeared Dan Copeland, known or proven to me to be the Vice - President, of the corporation, executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed to said corporation and that it was affixed and that he executed said instrument by authority of the Board of Directors of said corporation. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Tammie Barbie
Notary Public residing at Pocatello, ID
(Commission expires 7-14-01)

## CORPORATE ACKNOWLEDGEMENT

STATE OF Idaho

COUNTY OF Bannock

On this 20th day of April, 2001, before me, personally appeared Roderick Ariwite, known or proven to me to be the President, of the corporation, executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed to said corporation and that it was affixed and that he executed said instrument by authority of the Board of Directors of said corporation. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

Tammie Barbie
Notary Public residing at Pocatello, ID
(Commission expires 7-14-01)

CORPORATE ACKNOWLEDGEMENT

STATE OF Idaho

COUNTY OF Ada

On this 1st day of May, ________, before me personally appeared Chris Nelson, known or proven to me to be the Sec.-Tres., of the Nelson Construction Co. corporation, executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed to said corporation and that it was affixed and that he executed said instrument by authority of the Board of Directors of said corporation. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

DOROTHY A. BRITTON NOTARY PUBLIC STATE OF IDAHO

Dorothy A. Britton

Notary Public residing at Idaho

(Commission expires March 1, 2001)

CORPORATE ACKNOWLEDGEMENT

STATE OF Idaho

COUNTY OF Ada

On this 1st day of May, ________, before me personally appeared Donald J. Nelson, known or proven to me to be the President, of the Nelson Construction Co. corporation, executing the above instrument, and acknowledged said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned and on oath stated that the seal affixed to said corporation and that it was affixed and that he executed said instrument by authority of the Board of Directors of said corporation. IN WITNESS WHEREOF, I have hereunto set my hand and affixed my OFFICIAL SEAL the day and year first above written.

DOROTHY A. BRITTON NOTARY PUBLIC STATE OF IDAHO

Dorothy A. Britton

Notary Public residing at Idaho

(Commission expires March 1, 2001)

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Bannock

On this 20th day of April, 2001, before me personally appeared Roderick Ariwite to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that he executed the same for purposes, considerations and uses therein set forth ___________ free and voluntary act and deed.

Tammie Barbie

Notary Public residing at Pocatello, ID

(Commission expires 7-14-01)

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Bannock

On this 20th day of April, 2001, before me personally appeared Dan Copeland, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that he executed the same for purposes, considerations and uses therein set forth ___________ free and voluntary act and deed.

Tammie Barbie

Notary Public residing at Pocatello, ID

(Commission expires 7.14.2001)

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Bannock

On this 20th day of April, 2001, before me personally appeared Rose M. Ariwite, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that She executed the same for purposes; considerations and uses therein set forth ___________ free and voluntary act and deed.

Tammie Barbie

Notary Public residing at Pocatello, ID

(Commission expires 7.14-2001)

**INDIVIDUAL ACKNOWLEDGEMENT**

STATE OF Idaho

COUNTY OF Bannock

On this 20th day of April, 2001, before me personally appeared Janice S. Copeland to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that She executed the same for purposes, considerations and uses therein set forth ___________ free and voluntary act and deed.

Tammie Barbie

Notary Public residing at Pocatello, ID

(Commission expires 7.14-2001)



S-5007 (11-97)

INDIVIDUAL ACKNOWLEDGEMENT

STATE OF Idaho

COUNTY OF Ada

On this 1st day of May, ________, before me personally appeared Donald J. Nelson, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that he executed the same for purposes, considerations and uses therein set forth ______ free and voluntary act and deed.

Dorothy A. Britton

Notary Public residing at Idaho

(Commission expires March 1, 2006)

DOROTHY A. BRITTON NOTARY PUBLIC STATE OF IDAHO

INDIVIDUAL ACKNOWLEDGEMENT

STATE OF Idaho

COUNTY OF Ada

On this 1st day of May, ________, before me personally appeared Karen A. Nelson, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that ______ executed the same for purposes, considerations and uses therein set forth ______ free and voluntary act and deed.

Dorothy A. Britton

Notary Public residing at Eagle

(Commission expires March 1, 2006)

DOROTHY A. BRITTON NOTARY STATE OF IDAHO

INDIVIDUAL ACKNOWLEDGEMENT

STATE OF ________

COUNTY OF ________

On this ______ day of ________, ________, before me personally appeared ________, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that ______ executed the same for purposes, considerations and uses therein set forth ______ free and voluntary act and deed.

________________

Notary Public residing at ________

(Commission expires ________)

INDIVIDUAL ACKNOWLEDGEMENT

STATE OF ________

COUNTY OF ________

On this ______ day of ________, ________, before me personally appeared ________, to be known and known to me to be the individual(s) described in and who executed the foregoing instrument and acknowledged that ______ executed the same for purposes, considerations and uses therein set forth ______ free and voluntary act and deed.

________________

Notary Public residing at ________

(Commission expires ________)