IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NELSON CONSTRUCTION COMPANY, AND DONALD J. NELSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1205C (Judge Margaret M. Sweeney ) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

For its answer to the amended complaint, defendant admits, denies and alleges as follows:

1. The allegations contained in paragraph 1 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. The allegations contained in paragraph 2 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. The allegations contained in paragraph 3 are admitted.

4. The allegations contained in paragraph 4 are admitted.

5. The allegations contained in paragraph 5 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

6. The allegations contained in paragraph 6 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

7. The allegations contained in paragraph 7 are admitted.

8. The allegations contained in paragraph 8 are admitted to the extent supported by the documents cited, which are the best evidence of their terms; otherwise the allegations are denied.

9. The allegations contained in paragraph 9 are admitted to the extent supported by the

documents cited, which are the best evidence of their terms; otherwise the allegations are denied.

10. The allegations contained in paragraph 10 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

11. The allegations contained in paragraph 11 are denied.

12. The allegations contained in paragraph 12 are admitted to the extent supported by the documents cited, which are the best evidence of their terms; otherwise the allegations are denied.

13. The allegations contained in paragraph 13 are admitted to the extent supported by the documents cited, which are the best evidence of their terms; otherwise the allegations are denied.

14. The allegations contained in paragraph 14 are denied, except to admit that the CO had the express authority to modify the payment provisions of the contract.

15. The allegations contained in paragraph 15 are admitted to the extent supported by the documents cited, which are the best evidence of their terms; otherwise the allegations are denied.

16. The allegations contained in the first sentence of paragraph 16 are admitted to the extent supported by the documents cited, which are the best evidence of their terms; otherwise the allegations are denied. The allegation contained in the second sentence of paragraph 16 is admitted.

17. The allegations contained in paragraph 17 are admitted.

18. The allegations contained in paragraph 18 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 are denied, except to admit and separately allege that payment of that part of the $614,270.67 representing work performed by Lemhi was paid at the request of Lemhi to a separate bank account in Utah.

20. The allegations contained in paragraph 20 are denied.

21. The allegations contained in paragraph 21 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are admitted.

23. The allegations contained in paragraph 23 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted.

24. The allegations contained in paragraph 24 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 are denied.

26. The allegations contained in paragraph 26 are denied.

27. Paragraph 27 does not contain any allegations of fact, but to the extent that it may be deemed to contain such allegations of fact, they are denied.

28. Defendant incorporates by reference its responses contained in paragraphs 1 through 27 of its answer as though fully set forth here.

29. The allegations contained in paragraph 29 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 are denied.

31. The allegations contained in paragraph 31 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 are denied.

33. Defendant incorporates by reference its responses contained in paragraphs 1 through 32 of its answer as though fully set forth here.

34. The allegations contained in paragraph 34 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted.

36. The allegations contained in paragraph 36 are denied.

37. Defendant incorporates by reference its responses contained in paragraphs 1 through 36 of its answer as though fully set forth here.

38. The allegations contained in paragraph 38 are denied.

39. The allegations contained in paragraph 39 are denied, except to admit that Lemhi assigned its rights to payment under and pursuant to the contract to Travelers.

40. The allegations contained in paragraph 40 are denied.

41. The allegations contained in paragraph 41 are denied.

Defendant denies each and every allegation not previously admitted or denied.

Defendant denies the plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 41, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

November 14, 2006

Attorneys for Defendant