IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NELSON CONSTRUCTION COMPANY, AND DONALD J. NELSON, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 05-1205C (Judge Margaret M. Sweeney ) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS
COUNTS ONE AND TWO OF THE AMENDED COMPLAINT

Pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss counts one and two of the amended complaint of plaintiffs, Nelson Construction Company and Donald J. Nelson ("Nelson"), for lack of subject matter jurisdiction.

I. Statement Of The Issue

Whether this Court possesses jurisdiction to entertain Nelson's causes of action premised upon principles of equitable subrogation, for damages resulting from an improper payment made by the Federal Highway Administration ("agency"), given that Nelson was neither an assignee nor a surety in connection with the subject contract.

II. Statement Of The Case

The facts that are pertinent to our motion to dismiss are not, for the purposes of our motion, in dispute.[1] Nelson alleges in its October 30, 2006 amended complaint that the Federal

[1] For purposes of this motion only, we accept as true the factual allegations set forth in the complaint. Should this motion be denied, we reserve the right to controvert any and all allegations in the complaint not admitted in our answer. Specifically, as we stated during oral argument on our motion to dismiss Nelson's November 16, 2005 complaint, contrary to

Highway Administration awarded a contract to Lemhi Environmental Diversified, Inc. ("Lemhi") in April 2001 to perform work on Idaho State Highway 21. Amended Complaint ("Am. Am. Am. Compl.") ¶4. Lemhi hired Nelson as a subcontractor to perform work under the contract. Id.

On April 20, 2001, Nelson executed a general indemnity agreement with Travelers Surety & Casualty Company of America ("Travelers"). Am. Compl., Exhibit E. Pursuant to the indemnity agreement, Nelson, as an indemnitor, agreed to indemnify Travelers for all claims Travelers was required to pay under the payment bond. Id. On May 8, 2001, Travelers provided performance and payment bonds to Lemhi. Am. Compl. ¶7, Exhibit A. Travelers required as a prerequisite to issuing the performance and payment bonds that the indemnity agreement be executed. Am. Compl., Exhibit E.

On May 22, 2002, Lemhi assigned to Travelers all payments that were due or were to become due under the contract. Am. Compl. ¶12, Exhibit B. From June 2002 until November 2002, the agency paid all of Lemhi's invoices in accordance with the assignment to Travelers. Am. Compl. ¶15.

After Lemhi failed to pay Nelson for its work under the contract, Nelson, as a subcontractor to Lemhi, submitted a claim for payment to Travelers under Lemhi's payment bond. Am. Compl. ¶10.

In January 2003, after performance was completed, Lemhi and the agency settled all

---

Nelson's assertion that the Government paid Lemhi the total settlement amount of $614,270.67, Am. Compl. ¶19, $269,270.67 was paid to Lemhi, and $345,000 was paid to Nelson. Counsel for Lemhi at the oral argument did not contest the accuracy of our assertion. Counsel, however, failed to correct this mis-statement of fact in Nelson's amended complaint.

claims arising under the contract. Am. Compl. ¶17, Exhibit D. The agency paid the settlement amount to Lemhi, and not to Travelers. Am. Compl. ¶19. Travelers did not pay Nelson the amount that Nelson claimed was owed to it by Lemhi for work it had performed under the contract. Am. Compl. ¶20. Travelers refused to pay Nelson because Nelson was an indemnitor on the payment bond and, as such, was liable to Travelers for Travelers' liability under the payment bond. Coml. ¶10.

## ARGUMENT

### I. Standard Of Review

The plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Innovair Aviation, Ltd. v. United States, 58 Fed. Cl. 560, 561 (2003) (citing Alder Terrace Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)).

A waiver of sovereign immunity cannot be implied but must be "unequivocally expressed." INS v. St. Cyr, 533 U.S. 289, 299 n. 10 (2001). A plaintiff in this Court must look beyond the jurisdictional statute, the Tucker Act, for a waiver of sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980).

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236

(1974). The Tucker Act, 28 U.S.C. § 1491, waives sovereign immunity for causes of action based upon an express or implied contract with the United States. See United States v. Testan, 424 U.S. 392, 400 (1976).

This Court considers the "true nature" of a plaintiff's claim, regardless of how the plaintiff characterizes its complaint. Puget Sound Energy, Inc. v. United States, 47 Fed. Cl. 506, 510 (2002).

II. This Court Does Not Possess Jurisdiction To Entertain Nelson's Claims Premised Upon Principles of Equitable Subrogation.

Nelson assert that this Court possesses jurisdiction over this action pursuant to the Tucker Act. Am. Compl., Jurisdiction. The Tucker Act, however, is not sufficient to establish the jurisdiction of this Court. United States v. Testan, 424 U.S. 392, 398 (1976); Westech Corp. v. United States, 20 Cl. Ct. 745, 748 (1990); see also Nova Casualty Co. v. United States, 69 Fed. Cl. 284, 289 (2006)(a substantive right that is enforceable against the United States for money damages must be identified). A claimant must look beyond the Tucker Act and plead a money mandating predicate to establish jurisdiction. Westech Corp. 69 Fed. Cl. at 289.

In count one, Nelson asserts that it possesses a substantive right of recovery against the Government under the doctrine of equitable subrogation, based upon the assignment of payments under the contract to the payment bond surety for the project, Travelers. Am. Compl. ¶28-32. In count two, Nelson asserts that it possesses a substantive right to damages against the Government under the doctrine of equitable subrogation, based upon the indemnity agreement it executed upon behalf of Travelers. Am. Compl. ¶¶33-36. Because Nelson was not the assignee of the assignment, and because Nelson was not the surety, Nelson has failed to demonstrate that it has a

substantive right of recovery against the Government. Accordingly, Nelson's complaint must be dismissed.

The assignment executed in connection with the underlying contract was signed by Lemhi, as the assignor, and Travelers, as the assignee. Am. Compl., Exhibit C. It is clear beyond cavil that Nelson was not the assignee and, in fact, was not even a party to that agreement. In order for this Court to exercise jurisdiction in a wrongful payment claim based upon an assignment, the claimant must be an assignee. Merchant's Funding Group v. United States, 33 Fed. Cl. 445, 450 (1995). Since Nelson is not the assignee, this Court does not possess jurisdiction to entertain count one of Nelson complaint. Accordingly, count one must be dismissed.

Equitable subrogation requires that Nelson demonstrate that, as a matter of equity, it succeeds to the rights of another who has a claim against the Government. In support of its claims of equitable subrogation, Nelson asserts in count two of its complaint that Travelers was obligated to pay Nelson, and other subcontractors and suppliers, as the Miller Act payment bond surety. Am. Compl. ¶34. The Government agrees that Travelers, as the Miller Act surety, was obligated to pay claims made to it by subcontractors and vendors providing goods and services under the contract. Nelson also assets that Nelson, as an indemnitor to Travelers under the payment bond, was obligated to indemnify Travelers for payments made by Travelers pursuant to the payment bond. Am. Compl. ¶35. The Government agrees that Nelson was in fact obligated to indemnify Travelers under the terms of the indemnity agreement for all amounts paid by

Travelers under the payment bond.[2] Finally, Nelson contends that "as the equitably subrogated holder[s] of Travelers' rights against Federal Highways, it is entitled to payment from the agency in the amount of $269,270.67." Am. Compl. ¶36. Nelson's contention is wholly unsupported and unsupportable.

It is undisputed that Nelson was not a surety in connection with the underlying contract. Thus, there is absolutely no authority for the proposition that this Court possesses jurisdiction to entertain Nelson's claim. While this Court has held that it possesses jurisdiction to entertain claims brought under the doctrine of equitable subrogation, those claims must be brought by the surety and then only under limited circumstances. "Subrogation is a creation of equity that has been held to support jurisdiction in limited situations involving a Miller Act surety." Insurance Co. of the West v. United States, 243 F.3d 1367, 1371 (Fed. Cir. 2001); Nova Casualty Co., 69 Fed. Cl. at 292. As stated in Admiralty Const., Inc. By Nat. American Ins. Co. v. Dalton, 156 F.3d 1217, 1222 (Fed. Cir. 1998), "[i]n some limited circumstances, the doctrine of subrogation 'entitl[es] sureties to succeed to the contractual rights of the contractor against the government.'" (quoting Ransom v. United States, 900 F.2d 242, 245 (Fed. Cir. 1990).

For purposes of Tucker Act jurisdiction, the Government is unaware of any Federal Circuit or Court of Federal Claims case involving an action arising under the Contract Disputes Act of 1978, 41 U.S.C. §§601 et seq., in which the doctrine of equitable subrogation has been

---

[2] By taking on the role of both subcontractor and indemnitor of the payment bond, Nelson assumed the risk that if Nelson was not paid for its services by the prime contractor, it would not be able to collect from the payment bond surety because Nelson was liable as the indemnitor for the amount of its own claim.

applied beyond the Miller Act surety situation.[3] For example, in Federal Ins. Co. v. United States, 29 Fed. Cl. 302 (1993), the Court stated that an insurer could not avail itself of equitable subrogation. The court noted that "[a] surety arrangement is a unique and distinct type of arrangement." Federal Ins. Co., 29 Fed. Cl. at 304. Moreover, even a Miller Act surety itself is not able to sue the Government under the doctrine of equitable subrogation when it has neither fully paid the subcontractors and suppliers nor performed the completion of the contract. Fidelity & Deposit Co. of Maryland v. United States, 31 Fed. Cl. 450, 542-543, aff'd, 65 F.3d 186 (1994); Fidelity & Deposit Co. of Maryland v. United States, 14 Cl. Ct. 421 (1988).

As a subcontractor, Nelson has no right to sue the Government. Department of Army v. Blue Fox, Inc, 525 U.S. 255, 264-265 (1999). Likewise, as an indemnitor who signed an indemnity agreement with the surety, Nelson does not have a right to sue the Government. Kane v. United States, 26 Cl. Ct. 655, 657 (1992).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant our motion to dismiss counts one and two of the amended complaint for lack of subject matter

---

[3] While First National City v. United States, 212 Ct. Cl. 357 (1977), allowing restitution to compensate plaintiff for performance of a contractual obligation, involved a purported assignee of an assignee to a Government contract, that decision is inapposite since the Court's jurisdiction was not challenged. The Government is unaware of any Federal Circuit or Court of Federal Claims case that relied upon the First National City decision. Moreover, the only case that even cites First National City is the Federal Circuits's decsison in Landmark Land Company v. United States, 256 F.3d 1365 (Fed. Cir. 2001). The Federal Circuit in Landmark Land Company found First National City inapplicable. Landmark Land Company, 256 F.3d at 1377.

jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

January 29, 2007

Attorneys for Defendant