IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NELSON CONSTRUCTION COMPANY, AND DONALD J. NELSON,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 05-1205C<br>(Judge Margaret M. Sweeney ) |

DEFENDANT'S MOTION TO DISMISS COUNT THREE OF THE AMENDED COMPLAINT

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully requests that the Court dismiss Count 3 of the amended complaint filed by plaintiffs, Nelson Construction Company and Donald J. Nelson ("Nelson"), upon the ground that this Court lacks subject matter jurisdiction to entertain Nelson's claim because Nelson lacks standing to assert it. Alternately, pursuant to RCFC 12(b)(6), we respectfully request the Court to dismiss Count 3 of the amended complaint for failure to state a claim upon which relief can be granted. In support of this motion, we rely upon the complaint and the following brief.

DEFENDANT'S BRIEF

STATEMENT OF THE ISSUE

Whether Nelson has standing to assert a third-party beneficiary claim premised upon a contract to which the Government is not a party.

STATEMENT OF THE CASE

I. Nature Of The Case

Nelson alleges in its October 30, 2006 Amended Complaint that the Federal Highway Administration ("agency"or "Government") awarded a contract to Lemhi Environmental

Diversified, Inc. ("Lemhi") in April 2001 to perform work on Idaho State Highway 21.[1] Amended Complaint ("Am. Compl."), ¶3. Lemhi hired Nelson as a subcontractor to perform work under the contract.[2] Am. Compl,. ¶4.

On April 20, 2001, Nelson executed a general indemnity agreement with Travelers Surety & Casualty Company of America ("Travelers"). Am. Compl., Exhibit E. Pursuant to the indemnity agreement, Nelson, as an indemnitor, agreed to indemnify Travelers for all claims Travelers was required to pay under the payment bond. Id. On May 8, 2001, Travelers provided performance and payment bonds to Lemhi. Am. Compl., ¶7, Exhibit A. Travelers required, as a prerequisite to issuing the performance and payment bonds, that the indemnity agreement be executed. Am. Compl., Exhibit E.

On May 22, 2002, Lemhi assigned to Travelers all payments that were due, or were to become due, under the contract. Am. Compl., ¶12. From June 2002 until November 2002, the agency paid all of Lemhi's invoices in accordance with the assignment to Travelers.[3] Am. Compl., ¶15.

In January 2003, after performance was completed, Lemhi and the agency settled all claims arising under the contract. Am. Compl., ¶17. The agency paid the settlement amount to

---

[1] For purposes of this motion only, we accept as true the factual allegations set forth in the amended complaint. Should this motion be denied, we reserve the right to controvert any and all allegations in the complaint not admitted in our answer.

[2] The indemnity agreement with Travelers is not pertinent to this motion.

[3] After Lemhi failed to pay Nelson for its work under the contract, Nelson, as a subcontractor to Lemhi, submitted a claim for payment to Travelers under Lemhi's payment bond. Am. Compl., ¶¶9, 10.

Lemhi, and not to Travelers.[4] Am. Compl., ¶19.

II. Course Of Proceedings

On March 27, 2006, the Government filed a motion to dismiss Nelson's complaint, based upon our assertion that this Court did not possess jurisdiction to entertain Nelson's causes of action, premised upon principles of assignment and equitable subrogation, for damages resulting from an improper payment made by the agency, given that Nelson was neither an assignee nor a surety in connection with the subject contract. On October 11, 2006, this Court denied our motion without prejudice.

On October 30, 2006, Nelson filed an amended complaint premised upon principles of equitable subrogation and third party beneficiary status. On January 29, 2007, we filed a motion to dismiss Counts 1 and 2 of Nelson's amended complaint, again based upon our assertion that this Court does not possess jurisdiction to entertain Nelson's cause of action premised upon principles of equitable subrogation.

ARGUMENT

I. Standard Of Review

The plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Innovair Aviation, Ltd. v. United States, 58 Fed. Cl. 560, 561 (2003) (citing Alder Terrace Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that

[4] Travelers refused to pay Nelson the amount Nelson claimed was owed to it by Lemhi for work it had performed under the contract because Nelson was an indemnitor on the payment bond and, as such, was liable to Travelers. Am. Compl, ¶¶21-25.

may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)).

A waiver of sovereign immunity cannot be implied but must be "unequivocally expressed." INS v. St. Cyr, 533 U.S. 289, 299 n. 10 (2001). A plaintiff in this Court must look beyond the jurisdictional statute, the Tucker Act, for a waiver of sovereign immunity. United States v. Mitchell, 445 U.S. 535, 538 (1980).

When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Tucker Act, 28 U.S.C. § 1491, waives sovereign immunity for causes of action based upon an express or implied contract with the United States. See United States v. Testan, 424 U.S. 392, 400 (1976).

This Court considers the "true nature" of a plaintiff's claim, regardless of how the plaintiff characterizes its complaint. Puget Sound Energy, Inc. v. United States, 47 Fed. Cl. 506, 510 (2002).

Alternately, this action is also subject to dismissal pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief may br granted. Dismissal for failure to state a claim is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Krause, 416 U.S. 232, 236 (1974). In resolving a motion to dismiss for failure to state a claim, the Court must assume the facts in the complaint are true and "indulge in all reasonable inferences in favor of the non-movant," and

should not be dismissed unless it is "'beyond doubt that a plaintiff could prove no set of facts which would entitle him to relief.'" Sommers Oil. Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (quoting Hamlet v. United States, 873 F.2d 1414 (Fed. Cir. 1989)).

As we demonstrate below, because Nelson is not a party to a contract with the Government and is not an intended third-party beneficiary of a contract to which the Government is a party, Nelson lacks standing to bring this action. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998) (referring to the issue of standing as a "threshold jurisdictional question"); Warth v. Seldin, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."). Count 3 of Nelson's amended complaint should thus be dismissed for lack of standing.

II. This Court Does Not Possess Jurisdiction To Entertain Nelson's Claims Premised Upon A Contract That The Government Is Not A Party To.

This case arises under the Tucker Act. To sue under a contract theory, the plaintiff must show the existence of privity of contract with the United States. National Leased Housing Assn v. United States, 105 F.3d 1423, 1435 (Fed. Cir. 1997); Sallee v. United States, 41 Fed. Cl. 509, 513 (1998). In general, subcontractors have no privity of contract and, therefore no standing to sue the United States under the Tucker Act. Flexfab, L.L.C. v. United States, 62 Fed. Cl. 139, 146 (2004), aff'd, 424 F.3d 1254 (Fed. Cir. 2005). However, a narrow exception exists for a plaintiff who is able to prove that it is a third-party beneficiary of a contract to which the Government is a party. Montana v. United States, 124 F.3d 1269, 1273 (Fed. Cir. 1997).

Here, however, it is undisputed that Nelson was not a party to the contract between the Government and Lemhi. Moreover, it is undisputed that the Government was not a party to the contract between Lemhi and Travelers by which Lemhi assigned its rights to payments under its

contract with the Government to Travelers. Because Nelson has failed to allege that it is a third-party beneficiary of a contract to which the Government is a party, Nelson has failed to state a cause of action upon which relief may br granted. Nelson's position is wholly unsupported and unsupportable. The Government is unaware of a single case in which a plaintiff has claimed third-party beneficiary status against the Government based upon a contract to which the Government was not a party. Accordingly, Count 3 of Nelson's Amended Complaint should be dismissed.

III. Even Assuming That The Government Was A party To The Contract Between Lemhi And Travelers, Lemhi's Assignment To Travelers Does Not Demonstrate An Express Intent to Benefit Nelson

Even assuming that the Government was a party to the contract between Lemhi and Travelers, Lemhi's assignment to Travelers does not demonstrate an express intent to benefit Nelson. Because Nelson is not a third-party beneficiary of a Government contract, Nelson lacks standing to bring this action.[5]

Nelson contends that it, "as part of a class of creditor beneficiaries for present or future obligations of Lemhi on the Project," had a right to be paid by Travelers for an amount that would have otherwise been the responsibility of Lemhi. Am. Compt, ¶ 39.[6] In other words,

---

[5] Of significance is the fact that Travelers, a party to the assignment, is not suing the Government for the amount of the settlement that the Government mistakenly provided directly to Lemhi. A reasonable inference is that no Miller Act claims are pending against Travelers.

[6] Besides being legally flawed, Nelson's position is factually flawed as well. While Nelson appears to claim that is it is only seeking to be paid that amount that it was owed by Lemhi for work it performed under the contract, Nelson fails to acknowledge that the settlement agreement that was negotiated between Lemhi and the Government, with input from Nelson, after the project was completed, resulted in a payment to Nelson of $375,000, the amount that Nelson claimed was due and owing for its performance under the contract. Nelson appears, thus, to be seeking an additional amount allegedly owed to Nelson by Lemhi based upon circumstances wholly unrelated to the contract between Lemhi and the Government, an amount

Nelson maintains that all of the subcontractors on the project became intended third-party beneficiaries because of the assignment and, therefore, Nelson has a right to bring the present action.

To prove third-party beneficiary status, a subcontractor must demonstrate that "the contract 'reflect[s] the express or implied intention of the parties to benefit the third-party.'" Id. (citing Schuerman v. United States, 30 Fed. Cl. 420, 433 (1994)). On order to establish that Nelson is a third-party beneficiary to a contract, Nelson must demonstrate that would be reasonable for Nelson to rely upon the promise as manifesting an intention to confer a right on him. Id. The appropriate test for determining third-party beneficiary status is whether the contract reflects the "express or implied intention of the parties to benefit the third-party." State of Montana v. United States, 124 F.3d 1269, 1273 (Fed. Cir. 1997). See also Shuerman v. United States, 30 Fed. Cl. 420 (1994). In fact, "a party must demonstrate that the contract not only reflects the express or implied intention to benefit the party, but that it reflects an intention to benefit the party directly." Glass, 258 F.3d at 1354. While the intended beneficiary does not need to be specifically or individually identified, it "must fall within a class clearly intended to be benefitted thereby." Id. Parties who benefit indirectly or incidentally from a contract are not third-party beneficiaries. Stockton East Water District v. United States, 70 Fed. Cl. 515, 526 (2006).

"The intent to benefit the third-party must be clear." Stockton East Water District, 70 Fed. Cl. at 527. "Proof of the requisite intent is no small matter …". Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1259 (Fed. Cir. 2005). Such status should not be granted liberally. Id.

---

that neither the Government nor Travelers is in any way legally or factually obligated to pay.

The focus for determining intent is on the contract provision itself. Glass, 258 F.3d at 1354 ("the contract must express the intent of the promissory to benefit the shareholder personally… ." See also Chancellor Manor v. United States, 331 F.3d 891, 901 (Fed. Cir. 2003) ("Appellants must demonstrate that the contract not only reflects an express or implied intention to benefit the party, but that it reflects an intent to benefit the party directly…"); Sallee v. United States, 41 Fed. Cl. 509, 514 (1998) ("[Plaintiff] must demonstrate that he is an intended third-party beneficiary, as evidenced by the intent or words of the [ ] contract."). See also, D&H Distributing Co. v. United States, 102 F.3d 542, 545 (Fed. Cir. 1996)(finding third-party beneficiary status where the contract between the Government and the prime contractor had expressly provided for joint payment to the prime and the subcontractor).

Nelson could not have reasonably relied upon the Government's acknowledgment of assignment to Travelers as granting direct rights to Nelson against the Government. Similar to the status of the shareholders of the failed thrifts in Glass v. United States, 258 F.3d 1349 (2001), Nelson is no more than at best an incidental beneficiary of the assignment. The Court in Glass found that while the shareholders may not have invested their funds except for the agreement between the Government and the failed thrifts, and while the Government was fully aware of their interests in the financial well-being of the thrifts, the shareholders were no more than incidental beneficiaries. See also Castle v. United States, 301 F.3d 1328, 1339 (Fed. Cir. 2002), cert. denied, 539 U.S. 529 (2003) (finding that plaintiffs were "at most incidental beneficiaries" and as such "lacked standing to sue for breach of the alleged contract").

Similarly, here, there is simply no evidence that the Government intended to benefit directly subcontractors, such as Nelson, when it acknowledged the assignment to Travelers, and made payments to Travelers. Nelson has attached no documents to its amended complaint

evidencing the intent of Lemhi and Travelers to benefit Nelson or "other creditor beneficiaries." Moreover, Nelson has not alleged in the complaint that there are any contemporaneously generated documents that support its contention that the contract between Lemhi and Travelers was entered into for the benefit of Nelson, or "other creditor beneficiaries." In short, Lemhi's assignment of its rights to payments under its contract with the Government to Travelers demonstrates no intent whatsoever to benefit Nelson.

The general rule remains as stated in German Alliance Ins. Co. v. Home Water Supply Co., 226 U.S. 220, 230 (1912): "[T]he legal and natural presumption [is that] a contract is only intended for the benefit of those who made it. Before a stranger can avail himself of the exceptional privilege of suing for a breach of an agreement to which he is not a party, he must, at least, show that it was intended for his direct benefit. This Nelson has failed to do. Accordingly, the Court should dismiss Count 3 of the Amended Complaint. Alternatively, Nelson alleges that it is a creditor beneficiary. Am. Compl., ¶ 39. A creditor beneficiary is a third party to whom a promisor has promised to pay proceeds of a contract in order to satisfy a present or future liability of a promisee to the third party. D & H Distributing, 102 F.3d at 547. The Government, however, made no promise to pay proceeds of a contract to Nelson, nor has Nelson alleged any such promise. See also Anderson v. United States, 344 F.3d 1343, 1351-1352 (Fed. Cir. 2003). Thus, Nelson can not allege facts to establish that it is a creditor beneficiary, and Count 3 should be dismissed upon this ground as well.

At the oral argument upon our initial motion to dismiss, Nelson cited to JGB Enterprises, Inc. v. United States, 63 Fed. Cl. 319 (2004), to justify its filing an amended complaint. Nelson's reliance upon JGB Enterprises is misplaced. The Court in JGB Enterprises held that the subcontractor was entitled to third-party beneficiary status with respect to the contract

between the Government and the prime contractor because the contract itself gave the subcontractor control over contract payments. Id. at 332. As Nelson can not allege any set of facts that would establish that it is an intended beneficiary of a contract with the Government, Count 3 of the amended complaint should be dismissed.

CONCLUSION

For the above reasons, the Government respectfully requests the Court to dismiss Count 3 of the amended complaint for lack of jurisdiction or for failure to state a claim upon which can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Acting Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

February 22, 2007

Attorneys for Defendant