IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NELSON CONSTRUCTION COMPANY, AND DONALD J. NELSON, | ) | |
| Plaintiffs, | ) | No. 05-1205C |
| v. | ) | (Judge Margaret M. Sweeney ) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS ONE AND TWO OF THE AMENDED COMPLAINT

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully submits this reply to the opposition filed by Nelson Construction Company, an Idaho Corporation; and Donald J. Nelson ("Nelson") to our motion to dismiss counts one and two of the amended complaint. As we demonstrate below, Nelson's opposition to our motion to dismiss is wholly lacking in merit.

ARGUMENT

As previously stated in our January 29, 2007 motion to dismiss, this case arises out of a contract between the United States and Lemhi Environmental Diversified, Inc. ("Lemhi"). Nelson's involvement in the contract was as a subcontractor to Lemhi and as an indemnitor to Travelers Surety & Casualty Company of America ("Travelers"), the bonding company.

Lemhi assigned to Travelers all payments that were due or were to become due under the contract. After performance was completed, Lemhi and the Government settled all claims arising under the contract. The Government mistakenly paid the settlement amount to Lemhi, and not to Travelers. After Lemhi failed to pay Nelson for its work under the contract, Nelson, as a

subcontractor to Lemhi, submitted a claim for payment to Travelers under Lemhi's payment bond.[1] Travelers refused to pay Nelson because Nelson was an indemnitor on the payment bond and, as such, was liable to Travelers for Travelers' liability under the payment bond. Because Nelson was never an assignee of proceeds under the contract, was not in privity of contract with the Government, and was not a surety to the contract, this Court lacks jurisdiction to entertain Nelson's claims.

The assignment executed in connection with the underlying contract was signed by Lemhi, as the assignor, and Travelers, as the assignee. Undisputedly, Nelson was not the assignee. On the contrary, as an indemnitor to Travelers under a separate agreement, Nelson's only recourse to obtain monies due under the contract was from Lemhi.

Nelson's reliance upon Riviera Finance of Texas, Inc. v. United States, 58 Fed. Cl. 528 (Fed. Cl. 2003), discussing the circumstances under which the Government can be found to have waived its right to object to an invalid assignment, Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss at 5-6, is inexplicable. The Government does not contend that the assignment between Lemhi and Travelers was invalid. On the contrary, the Government admits that it mistakenly paid the settlement amount to Lemhi rather than to Travelers as was required by the assignment.

Nelson's attempt to distinguish the decision in George W. Kane, Inc. v. United States, 26 Cl. Ct. 655 (1992), holding that an indemnitor may not bring a claim under the Tucker Act, is

---

[1] Travelers obviously had no contractual obligation to pay subcontractor Nelson under the payment bond since Nelson was an indemnitor under the same bond. In effect, Nelson is seeking to recoup its losses from the Government since the indemnification agreement precludes Nelson from recovering from Travelers.

unavailing.[2] Nelson, like Kane, was an indemnitor of the surety in connection with the underlying contract. Nelson, like Kane, was not in privity of contract with the United States. Nelson, like Kane, was involved in the underlying contract.[3] The fact that Kane was a replacement contractor, while Nelson was a subcontractor, was not relevant to the legal analysis set forth in the Kane decision. Nelson, like Kane, contends that Nelson acquired the rights of the prime through operation of law, an argument the Kane Court found unpersuasive. See Kane, 26 Cl. Ct. at 659.

Kane establishes that an indemnitor, even if it performs work under a Government contract, has no right to bring an action against the United States under the doctrine of equitable subrogation. As demonstrated in our motion, both the Federal Circuit and the Court of Federal Claims have been reluctant to expand the doctrine of equitable subrogation beyond the situation of a performing or paying surety. The surety stands in a unique position because it has obligations that run to the United States. See Balboa Ins. Co. v. United States, 775 F.2d, 1158, 1160 (Fed. Cir. 1985); U.S. Fire Ins. Co. v. United States, 61 Fed. Cl. 494, 500 (2004) ("Furthermore, there are rights running directly between the surety and the government when the performance bond is called upon, whereas there is no contractual relationship or obligation running directly between the subcontractor and the government."); International Fidelity Ins. Co. v. United States, 41 Fed. Cl. 706, 711-712 (1998). Like a subcontractor, there is no direct

---

[2] The Kane case has never been overruled, criticized, or otherwise called into question. It remains good law.

[3] Contrary to Nelson's assertion, Kane was involved in the underlying contract. The reason the surety asked Kane to take over the contract was because of the general indemnity agreement between Kane and the prime contractor. Kane, 26 Cl. Ct. at 658.

contractual relationship between an indemnitor and the Government. As the Court held in Kane, such relationship does not confer subject matter jurisdiction upon this Court.

Nelson's contention that the Courts have "consistently and broadly held that assignees and subrogees of the prime contractor have jurisdiction to sue," Pl.'s Memorandum at 6, is similarly without merit. See Motion to Dismiss at 6 -7. The Courts have restricted the ability of assignees and subrogees to sue. This Court in Centers v. United States, 71 Fed. Cl. 599 (2006), rejected the claim by an assignee, since the assignment was not of a type previously recognized by the courts. Centers, 243 F.3d at 1373-1374. As noted in our motion, we are unaware of any case holding that an entity other than a performing or paying surety can bring a claim based upon equitable subrogation under the Tucker Act. Nelson cites no cases to the contrary.

Finally, Nelson's reliance upon a statement in Insurance Company of the West v. United States, 243 F.3d 1367, 1373-1374 (Fed. Cir. 2001), that the issue of jurisdiction is focused on the claim, not the claimant, is misplaced. As noted by the Court in Centers v. United States, 71 Fed. Cl.599 (2006), that statement is dicta. As such, it cannot support an expansion of the types of claimants who can bring claims before this Court. See also, Prairie State Bank v. United States, 164 U.S. 227 (1896) (a mere volunteer who makes a payment for another has no claim against the United States); Department of Army v. Blue Fox, Inc., 525 U.S. 255, 264-265 (1999) (a subcontractor has no claim against the United States).[4]

---

[4] Nelson's reliance for its proposition that it is entitled to be subrogated to the rights of the surety upon state court cases is without merit. As set forth in our motion, Nelson has utterly failed to demonstrate that the United States waived its sovereign immunity. Without a waver of sovereign immunity, this Court does not possess jurisdiction to entertain Nelson's claim. See United States v. Mitchell, 445 U.S. 535, 538 (1980).

## CONCLUSION

For the foregoing reasons, we respectfully request that our motion to dismiss be granted, and that the complaint be dismissed for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

March 15, 2007

Attorneys for Defendant