IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NELSON CONSTRUCTION COMPANY, AND DONALD J. NELSON, | ) | |
| Plaintiffs, | ) | No. 05-1205C |
| v. | ) | (Judge Margaret M. Sweeney ) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT THREE OF THE AMENDED COMPLAINT

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims ("RCFC"), the United States respectfully submits this reply to the opposition filed by Nelson Construction Company and Donald J. Nelson ("Nelson") to our motion to dismiss count three of the amended complaint. As we demonstrated in our motion, and in the discussion below, Nelson's opposition to our motion to dismiss is wholly lacking in merit.

ARGUMENT

In our February 22, 2007 motion, we moved, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), to dismiss count three of the amended complaint upon the ground that this Court lacks subject matter jurisdiction to entertain Nelson's claim, based upon its assertion of third-party beneficiary status, because Nelson lacks standing to assert it. Alternately, we moved pursuant to RCFC 12(b)(6) for dismissal for failure to state a claim upon which relief can be granted. As we established in our motion, because Nelson is not an intended third-party beneficiary of a contract to which the Government is a party, Nelson lacks standing to bring this action. As we demonstrate below, in its opposition, Nelson has failed to refute this argument.

First, Nelson has failed to demonstrate that it would have been reasonable for Nelson to have relied upon the contract between Lemhi and Travelers Surety & Casualty Company of America ("Travelers"), to which the Government was not a party, to obtain payment from the Government for a debt owed to Nelson by Lemhi. See e.g. State of Montana v. United States, 124 F.3d 1269, 1273 (Fed. Cir. 1997); Shuerman v. United States, 30 Fed. Cl. 420 (1994); Glass v. United States, 258 F.3d 1349 (2001); Stockton East Water District v. United States, 70 Fed. Cl. 515, 526 (2006); Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1259 (Fed. Cir. 2005); Chancellor Manor v. United States, 331 F.3d 891, 901 (Fed. Cir. 2003), JGB Enterprises, Inc. v. United States, 63 Fed. Cl. 319 (2004), and other cases cited in our motion. Significantly, Nelson has failed to identify a single case where a third party has been awarded damages against the Government pursuant to a contract to which the Government was not a party.

Second, Nelson's new theory of recovery, that is, that Nelson is a third-party beneficiary of the agreement between Lemhi and the Government providing that the Government would make payments due Lemhi to Travelers, Plaintiffs' Memorandum in Opposition to Defendant's Third Motion to Dismiss ("Pl.'s Opp."), at 1 & 2, is as unsupported and unsupportable as is its claim under the contract between Lemhi and Travelers. Nelson did not state a cause of action in its amended complaint premised upon the agreement between the Government and Lemhi. In an attempt to overcome the jurisdictional hurdle articulated in our motion to dismiss count three, the gravamen of which is that there is no authority for the proposition that an entity can have third-party beneficiary status against the Government where the Government is not a party to the underlying contract, Nelson for the first time in its opposition to our motion to dismiss relies upon the agreement between Lemhi and the Government. Similarly, as the Court is aware, it was only during oral argument on our initial motion to dismiss that Nelson, for the first time,

raised its third-party beneficiary theory of recovery. In short, Nelson has failed to demonstrate that it is the intended third-party beneficiary of either the contract between Lemhi and Travelers or the agreement between Lemhi and the Government.

As previously stated in our motion to dismiss count three, this case arises out of a contract between the Government and Lemhi. Nelson was a subcontractor to Lemhi, and an indemnitor to Travelers, the bonding company. During performance of the contract, Lemhi assigned to Travelers all progress payments under the contract. To effectuate the terms of the assignment, the Government agreed to direct that all future payments would be made to Travelers. Subsequent progress payments for work under the contract were made to Travelers. After performance was completed, Lemhi and the Government settled all claims arising under the contract. The Government mistakenly paid part of the settlement amount to Lemhi. Nelson claims that the amount paid to Lemhi was owed to Nelson by Lemhi for work Nelson performed under the contract. Amended Complaint ("Am. Compl.") ¶ 20. Nelson was unable to obtain the amount it claims was owed to it by Lemhi from Travelers under the payment bond because Nelson was an indemnitor on the payment bond and, as such, was liable to Travelers for Travelers' liability under that bond. Am. Compl. ¶ 10.

Nelson's contention that it is the intended third-party beneficiary of the alleged remittance clause of the contract between the Government and Lemhi suffers from the same factual and legal infirmities as does its claim under the contract between Lemhi and Travelers. The agreement between the Government and Lemhi to effectuate the assignment between Lemhi and Travelers by directing that Lemhi's progress payments be transmitted to Travelers is obviously inextricably intertwined with the assignment itself. Given that Nelson was not the third-party beneficiary of the assignment, its status can not change as the result of the alleged

modification of the remittance clause of Lemhi's contract with the Government. The sole "beneficiary" of the Lemhi / Travelers assignment was undisputedly Travelers. It was in response to Travelers's concern that it be protected against demands for payments made by Lemhi's subcontractors under the Miller Act payment bond that Lemhi and Travelers executed the assignment. Similarly, the sole "beneficiary" of the alleged modified remittance clause was Travelers. Subcontractors to Lemhi gained no greater right as the result of Lemhi's assignment of its right to progress payments to Travelers, and the concomitant change of payee of those payments, than they had prior to the execution of those two documents, that is, the right to demand payment from Travelers for all monies due and owing from Lemhi for services rendered under Lemhi's contract with the Government.

Moreover, a subcontractor can only establish third-party beneficiary status where the underlying contract's remittance clause is changed to name the subcontractor, or an entity that is the functional equivalent of the subcontractor, such as the subcontractor's bank. See D & H Distributing Co. v. United States, 102 F.3d 542 (1996)(contract modified to name subcontractor as payee for the proceeds due under the contract); Norwest Bank Arizona, N.A. v. United States, 37 Fed. Cl. 605 (1997)(same); JGB Enterprises, Inc. v. United States, 63 Fed. Cl. 319 (2004)(same); Flexfab, L.L.C. v. United States, 424 F.3d 1254, 1261-1262 (Fed. Cir. 2005) (same).

## CONCLUSION

For the above reasons, and for the reasons stated in our motion, the Government respectfully requests the Court to dismiss count three of the amended complaint for lack of

jurisdiction or for failure to state a claim upon which can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division, Department of Justice
1100 L Street NW
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

April 26, 2007

Attorneys for Defendant