H
Rivera **Agredano** v. U.S.
Fed.Cl.,2007.
Only the Westlaw citation is currently available.
United States Court of Federal Claims.
Francisco Javier RIVERA **AGREDANO**, et al., Plaintiffs,
v.
The UNITED STATES, Defendant.
**No. 05-608.**

May 3, 2007.

Teresa Trucchi, San Diego, CA, for plaintiffs.
Devin A. Wolak, with whom were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant.

*OPINION*

HEWITT, Judge.
On January 26, 2007, plaintiffs filed their "Notice of Motion and Motion by Alfonso Calderon Leon In Support of Motion to Reconsider and Reinstate Third Party Beneficiary Claim [RCFC 60(b)(2) (New Evidence); RCFC 60(b)(6) (Equity) ]" (Motion or Mot.) with regard to a portion of the Opinion of March 27, 2006 that denied the claim of Alfonso Calderon Leon (Mr. Calderon Leon) as a third-party beneficiary under the terms of an alleged contract between the United States and Francisco Javier Rivera **Agredano** (Mr. Rivera **Agredano**). Mot. 1; Opinion of Mar. 27, 2006. Plaintiffs filed their motion pursuant to Rule 60(b)(2) and 60(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). Mot. 2. Because final judgment was not entered regarding the Opinion of March 27, 2006, the court treats plaintiffs' motion as a motion for reconsideration under Rule 59. *Compare* RCFC 59 *with* RCFC 60(b)(2), 60(b)(6).

## I. Background [FN1]

FN1. A full recitation of the facts is set forth in *Rivera **Agredano** v. United States,* 70 Fed. Cl. 564, 566-68 (2006).

Messrs. Rivera **Agredano** and Calderon Leon presented themselves in their complaint as an unwitting purchaser and passenger of a vehicle that contained seventeen kilograms of marijuana hidden beneath upholstery. *Rivera **Agredano** v. United States,* 70 Fed. Cl. 564, 566 (2006). The vehicle was purchased at a Federal Forfeiture auction. *Id.* The vehicle had been confiscated by the Customs Service in connection with an arrest. *Id.* Plaintiffs allege that they spent a year in a Mexican prison following discovery of the marijuana by Mexican authorities at a Mexican checkpoint. *Id.* Plaintiffs state that they are innocent of the crime of possession of marijuana and seek to recover compensation for damages sustained as a result of defendant's alleged failure to conduct a thorough search of the vehicle prior to sale. *Id.* Plaintiffs allege that defendant purposely failed to conduct a thorough search of the vehicle in order to increase the resale value of the car at auction. *Id.*

Plaintiff Rivera **Agredano** bought a 1987 Nissan Pathfinder from the Department of the Treasury in a public auction following a Customs Service Federal Forfeiture Sale on September 5, 2001. *Id.* As a condition of participating in the auction, Rivera **Agredano** signed a bidder registration form, which provided that the signer agreed to the terms of sale included in the sale catalog, one of which was an "as is, where is" clause. *Id.* at 567. The car had previously belonged to Jose Armando Jimenez Coronel (Mr. Jimenez Coronel) but was seized by defendant when Mr. Jimenez Coronel was caught transporting fifty-nine pounds of marijuana across the Mexico-United States border. *Id.* Unbeknownst to Mr. Rivera **Agredano**, according to plaintiffs' complaint, the vehicle contained, at the time of sale, twenty-two packages of marijuana, located between the upholstered walls and the body of the vehicle. *See id .;* Complaint (Compl.) ¶¶ 15, 40.

On November 14, 2002, plaintiffs filed a claim in the United States District Court for the Southern District of California, which subsequently granted defendant's motion for summary judgment, finding that the action was barred under the Federal Tort Claims Act because plaintiffs' arrest occurred in Mexico. *Rivera **Agredano**,* 70 Fed. Cl. at 567. On February 3, 2005, pursuant to the parties' stipulation, the United States District Court for the Southern District of California dismissed the plaintiffs' claims without prejudice, granted the parties' motion to amend, and transferred the action to this court. *Id.* at 567-68. On June 8, 2005, the case was transferred to this court. *Id.* at 568. On June 17, 2005, plaintiffs filed their amended complaint, alleging breach of warranty, breach of contract, and breach of the covenant of good faith and fair dealing. *Id.* After defendant filed motions to dismiss and the parties filed briefing regarding defendant's motions, *id.,* the court issued an opinion on March 27, 2006, denying defendant's motion to dismiss for lack of subject matter jurisdiction; denying defendant's motion for summary judgment as

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

to the existence of any implied-in-fact warranty, breach of implied covenant of good faith and fair dealing, or damages; granting defendant's motion for summary judgment as to any alleged warranty implied-in-law; granting defendant's motion for summary judgment as to plaintiff Calderon's third-party claims; and denying plaintiffs' motion to amend their complaint. *Id.* at 580. Although the court's Opinion of March 27, 2006, dismissed the claims of Mr. Calderon Leon, *id.,* the court did not make a determination under Rule 54(b) "that there is no just reason for delay ... for the entry of judgment," RCFC 54(b).[FN2]

FN2. Because of the close factual relationship between the claims of Mr. Rivera **Agredano** and Mr. Calderon Leon, *see Rivera **Agredano**,* 70 Fed. Cl. at 566-58, it appears to the court that judicial economy and efficiency are best served by waiting until the conclusion of this litigation as to Mr. Rivera **Agredano** before entering final judgment as to either of the original plaintiffs.

Nevertheless, when seeking reconsideration, plaintiffs styled their motion as a motion for relief from final judgment under Rule 60(b)(2) and 60(b)(6), with regard to the court's denial of third party beneficiary status to Mr. Calderon. Motion 1. Defendant filed its response on March 14, 2007. Defendant's Response to Motion by Alfonso Calderon Leon In Support of Motion to Reconsider and Reinstate Third Party Beneficiary Claim (defendant's response or Def .'s Resp.) 1. Plaintiffs filed its Reply to Opposition to Motion By Alfonso Calderon Leon To Reconsider and Reinstate Third Party Beneficiary Claim [RCFC 60(b)(2) (New evidence); RCFC 60(b)(6) (Equity) ] (plaintiffs' reply or Pls.' Reply) on March 28, 2007. Pls.' Reply 1.

## II. Standard of Review

While not urged to do so by Mr. Calderon Leon, the court considers the Motion under Rule 59(a)(1) rather than Rule 60(b) because "Rule 60(b) applies only to *final* judgments, orders, or proceedings." 12 James William Moore et al., *Moore's Federal Practice* § 60.03[5] (3d ed.2004) (footnote omitted). [FN3] "[I]n litigation involving multiple claims or multiple parties, an order completely disposing of a single claim or a single party is *not* final unless the court makes an express order, under Rule 54(b), that 'there is no just reason for delay' and expressly directs entry of judgment. Therefore, a party who contemplates filing a Rule 60(b) motion in litigation that involves multiple claims or multiple parties must consult Rule 54(b) to determine whether the judgment or order from which relief is sought is 'final.' " *Id.* (footnote omitted).

FN3. Rule 60(b) of the Rules of the Unites States Court of Federal Claims (RCFC) conforms to Rule 60 of the Federal Rules of Civil Procedure (FRCP). RCFC 60, 2002 Rules Committee Note; *compare* RCFC 60(b) *with* Fed. R. Civ. P 60(b).

Rule 59(a)(1) affords this court discretion to grant reconsideration "to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the United States." RCFC 59(a)(1); *see Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed.Cir.1990). A motion for reconsideration is not intended, however, to give an "unhappy litigant an additional chance to sway" the court. *Weaver-Bailey Contractors, Inc. v. United States,* 20 Cl.Ct. 158, 158 (1990) (citation omitted). A party "does not persuade the court to grant ... [a] motion [for reconsideration] by merely reasserting arguments which were previously made and were carefully considered by the court." *Henderson County Drainage Dist. No. 3 v. United States,* 55 Fed. Cl. 334, 337 (2003), *aff'd,* 147 Fed. Appx. 967 (Fed.Cir.2005). "To prevail on [a motion for reconsideration], the movant must point to a manifest ... error of law or mistake of fact." *Franconia Assocs. v. United States,* 44 Fed. Cl. 315, 316 (1999) (citation omitted). Specifically, the moving party must show: 1) the occurrence of an intervening change in controlling law; 2) the availability of previously unavailable evidence; or 3) the necessity of allowing the motion to prevent manifest injustice. *Griswold v. United States,* 61 Fed. Cl. 458, 460-61 (2004); *see also Bishop v. United States,* 26 Cl.Ct. 281, 286 (1992) (citation omitted).

## III. Discussion

Plaintiffs' motion for reconsideration is based primarily upon new evidence that allegedly demonstrates that future occupants of the vehicle were anticipated third party beneficiaries to the vehicle sales contract. Mot. 5, 17. The new evidence consists of testimony provided by Mr. Lawrence Fanning, Assistant Director of Field Operations of the Bureau of Customs and Border Protection, and Mr. Jayson Ahern, Assistant Commissioner of the Office of Field Operations of the Bureau of Customs and Border Protection, regarding certain pre-auction "reinspection" searches.[FN4] *Id.* at 5-6. Plaintiffs argue that the new evidence "provides a factual foundation to find that [defendant] conducted 'reinspection' searches at the auction lot prior to the seizure sales for the specific purpose of ensuring that the vehicle did not still contain drugs at the time of the sale." *Id.* at 1. Plaintiffs proffer this new evidence to point to defendant's alleged intent to "protect[ ] any future occupants of the vehicles from the possibility of a

wrongful arrest." *Id.*

FN4. Plaintiffs also include several pages of excerpts of what they describe as deposition testimony from other "USA agents." Notice of Motion and Motion by Alfonso Calderon Leon In Support of Motion to Reconsider and Reinstate Third Party Beneficiary Claim [YPERLINK"http://www.westlaw.com/Find/Default.wl?rs=dfa1.0&vr=2.0&DB=1004365&DocName=USFCLCTR60&FindType=L"RCFC 60(b)(2)(New evidence); RCFC 60(b)(6)(Equity) ] (Motion or Mot.) 5-10. The relevance of the opinion testimony of these individuals is not clear to the court. Plaintiffs' argument for reconsideration focuses only on Mr. Fanning's testimony, with a brief mention of Mr. Ahern's testimony. Mot. 15-18. The court, therefore, disregards plaintiffs' submission of the testimony of the other individuals.

Defendant counters that plaintiffs' new evidence does not change the court's legal conclusion that " 'any warranty provided by the contract is not construed to cover passengers of the vehicle.' " Def.'s Resp. 4 (quoting *Rivera **Agredano**,* 70 Fed. Cl. at 579). Defendant points to *Federal Deposit Insurance Corp. v. United States,* 342 F.3d 1313, 1319 (Fed Cir.2003) to emphasize that "third-party beneficiary analysis begins with an examination of the contract itself, and only extends beyond the contract to parol evidence if a clear intent to benefit a third party is suggested but not expressly stated." *Def.'s Resp.* 4. Defendant asserts that plaintiffs are unable to connect the new evidence to a provision in the written contract. *Id.* at 5. Defendant argues that "[n]one of the deponents discusses the written title-transfer document or as-is clause, nor do any of them testify that these two documents somehow evidence an intent by both Mr. Rivera [**Agredano**] and the United States to vest Mr. Calderon [Leon] with any rights under the contract for the sale of the 1987 Nissan Pathfinder." *Id.*[FN5]

FN5. While defendant's observation about the absence of discussion of the legal import of the transfer documents by the deponents appears to be correct, *see* Defendant's Response to Motion by Alfonso Calderon Leon In Support of Motion to Reconsider and Reinstate Third Party Beneficiary Claim (defendant's response or Def .'s Resp.) 5, the court notes that any such discussion would be irrelevant because the court interprets the text of contract documents as a matter of law. Restatement (Second) of Contracts § 212 (1979); *see Mays v. U.S. Postal Serv.,* 995 F.2d 1056, 1059 (Fed.Cir.1993) ("contract ... interpretation is a matter of law") (citation omitted).

The court agrees with defendant that the contract does not support a third-party beneficiary claim. As the court noted in its earlier opinion, a party proves third-party beneficiary status under a contract by demonstrating "that the contract ... reflects the express or implied intention [of the parties] to benefit the [third-]party ... directly." *Glass v. United States,* 258 F.3d 1349, 1354 (Fed.Cir.2001); *Rivera **Agredano**,* 70 Fed. Cl. at 578. The testimony of Mr. Fanning appears to express his opinion rather than any information relevant to a determination that the contract was intended to benefit third parties. *See* Pls.' Reply, Attach. 3 (stating, in response to the question of whether the purpose of the search is to protect the purchasing public, "Yes, I think its fair to say that" and indicating that the "main reason" for the searches "is to try to get any drugs that may be in [the] vehicle"). Although Mr. Ahern's testimony appears to express the rationale of policies at a particular location, plaintiffs' argument that this new evidence is a "missing link" is misplaced. Plaintiffs' new evidence does not point to any contractual term that indicates an intent to make vehicle passengers third-party beneficiaries under the contract at issue in this case.[FN6] Additionally, plaintiffs' new evidence is irrelevant under the parol evidence rule. The parol evidence rule provides that if a contract is integrated, "barring certain limited exceptions ..., a party to a written contract cannot supplement or interpret that agreement with oral or parol statements that conflict with, supplant, or controvert the language of the written agreement itself." *Schism v. United States,*YPERLINK"http://www.westlaw.com/Find/Default.wl?rs=dfa1.0&vr=2.0&DB=506&FindType=Y&ReferencePositionType=S&SerialNum=2002728547&ReferencePosition=1278" 316 F.3d 1259, 1278 (Fed.Cir.2002) (en banc). Therefore, plaintiffs cannot introduce parol statements in an attempt to interpret the meaning of the written contract.

FN6. In response to defendant's argument that "Mr. Calderon does not link his new evidence to a provision in the contract," and that "[t]he implied-in-fact warranty remains a hypothetical term at this point," Def.'s Resp. 5, plaintiffs counter that "the burden

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

should not be upon the plaintiff in this motion to prove the 'existence' and the 'contours' of the potential implied-in[-] fact warranty," Pls.' Reply 4. Plaintiffs argue that "the burden upon [Mr. Calderon] on this motion ... [is] to show that the new evidence gives rise to a triable issue of material fact as to whether or not the potential implied-in-fact warranty was intended to confer a direct benefit on the class of individuals to which he belonged." *Id.* Plaintiffs contend that Mr. Fanning's testimony "raises a triable issue of material fact as to whether the scope and 'contours' of the implied-in-fact warranty was intended to benefit him or if it was intended to benefit only the purchaser of the vehicle." *Id.* Plaintiffs' argument is misplaced. The core of third-party beneficiary analysis is whether "the contract ... reflects the express or implied intention [of the parties] to benefit the [third-]party ... directly." *Glass v. United States,* 258 F.3d 1349, 1354 (Fed.Cir.2001). Plaintiffs' argument regarding a "triable issue of material fact" does not address the determinative question whether the newly proffered evidence demonstrates the necessary connection between the contract and an intention to benefit a third party directly. It does not.

The parties' briefing argues over whether Mr. Fanning is a policy-maker and whether his opinion is in fact agency policy. Pls.' Reply 6-7; Def.'s Resp. 5-6. The parties also disagree whether the testimony of Mr. Ahern reflects agency policy that indicates an implied intent of vehicle sales contracts to benefit third-party passengers of auctioned vehicles. *Id.* However, these lines of argument are irrelevant because the fact remains that the testimony of neither Mr. Fanning nor Mr. Ahern draws a direct connection to a contractual term that expresses the contracting parties' intent to directly benefit third-party vehicle passengers. Because plaintiffs' new evidence lacks an element essential to establishing third-party beneficiary status, the court does not find plaintiffs' motion for reconsideration persuasive. *See* *Franconia Assocs.,* 44 Fed. Cl. at 318. Moreover, plaintiffs' new evidence does not demonstrate that there is "a manifest error of law or mistake of fact" in the court's determination that Mr. Calderdon is not a third-party beneficiary to the contract between Mr. Rivera and the United States. *See id.* Mr. Calderon Leon has failed to adduce evidence to support his claim. An inability to proceed with an unsupported claim does not constitute a manifest error of law or mistake of fact.

Plaintiffs proffer a vague argument regarding foreseeability but do not articulate an argument to explain how this element is relevant to the new evidence and its motion for reconsideration. Mot. 16-17. Plaintiffs appear to rely on *Luciano de la Hoya v. Slim's Gun Shop,* 80 Cal.App.3d Supp. 6 (1978), in support of this argument. *See* Mot. 16-17. However, plaintiffs do not explain how that case, the facts of which are recited in briefing,[FN7] requires a different interpretation of the contract under which plaintiffs brought this case than the interpretation set out in the court's opinion in *Rivera **Agredano**,* 70 Fed. Cl. 564. Plaintiffs attempt to assert their "foreseeability" argument where plaintiffs argue that Mr. Calderon is an "intended beneficiary," because, plaintiffs assert, "[t]he USA specifically foresaw (per the testimony of Assistant Director Lawrence Fanning and Assistant Commissioner Jayson Ahern) that the risk of arrest extended to any occupant of the vehicle (not just the purchaser) and the pre-auction 'reinspection' was to protect the class of potential occupants, not just potential purchasers." Mot. 17. Plaintiffs' argument is unavailing. The pre-auction "reinspection" search is not, as plaintiffs argue, Mot. 17 (describing the search as an "implied term of the contract"), contemplated in the vehicle sale contract, *see* Def.'s Resp. 5-6 (noting that plaintiffs' evidence is not linked to any provision in the contract). The court is not persuaded that a discussion of foreseeability arising from Mr. Fanning's opinion would demonstrate that the vehicle sale contract expressly or impliedly intends to directly benefit third-party vehicle passengers.

FN7. *Luciano de la Hoya v. Slim's Gun Shop,* 80 Cal.App.3d Supp. 6 (1978) addresses whether an innocent purchaser of a gun that turns out to be stolen property may recover from the seller "attorney's fees incurred in defending himself against criminal charges arising out of possession of the stolen property." *Id.* at 7.

In addition to arguing that the availability of previously unavailable evidence requires reconsideration, plaintiffs also argue that reconsideration is justified here in order to " 'prevent manifest injustice,' " Pls.' Reply 2 (quoting *Bishop,* 26 Cl.Ct. at 286). Plaintiffs assert that the court should grant its reconsideration motion because "the prior ruling [that Mr. Calderon is not a third-party beneficiary] is presumed to have been influenced, at least in part, upon the statements made by the USA," Pls.' Reply 2. Plaintiffs do not, however, point to a manifest error of law or mistake of fact in the court's March 27, 2007 Opinion. *See* *Franconia Assocs.,* 44 Fed. Cl. at 318. Plaintiffs' new evidence does not demonstrate any mistake of fact in the court's third-party beneficiary ruling; rather the new evidence merely contains the opinions of two individuals regarding a matter that is not contemplated in the contract. Absent a colorable claim, dismissal does not constitute "manifest injustice." *See* *Bishop,* 26 Cl.Ct. at 286.

IV. Conclusion

For the foregoing reasons, plaintiffs' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Fed.Cl.,2007.
Rivera Agredano v. U.S.
--- Fed.Cl. ----, 2007 WL 1300766 (Fed.Cl.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.