# In the United States Court of Federal Claims

No. 05-1205C
(Filed: July 18, 2007)

************************************
NELSON CONSTRUCTION COMPANY, *
and DONALD J. NELSON, *
*
Plaintiffs, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
************************************

**ORDER**

On May 31, 2007, the court issued an order scheduling oral argument for July 31, 2007, on defendant's motions to dismiss. On July 18, 2007, defendant filed its Unopposed Motion to Reschedule Oral Argument ("Motion to Reschedule"). In the Motion to Reschedule, defendant represents that plaintiff does not object to rescheduling oral argument, and that defendant's counsel will "be on vacation from July 20, 2007, through August 1, 2007."[1] The soonest the parties are available for oral argument is Thursday, September 27, 2007.

**Thus, the court will hear oral arguments on defendant's January 29, 2007 and February 22, 2007 Motions to Dismiss on Thursday, September 27, 2007, at 11:00 a.m., at the National Courts Building, 717 Madison Place, N.W., Washington, D.C. 20005.**

---

[1] Defendant also represents that she was scheduled to appear in a trial in the case of Environmental Tectonics Corporation v. United States, 05-746C, from July 9, 2007, until July 20, 2007. However, the trial in Environmental Tectonics Corporation was cancelled because the parties are attempting to resolve the counterclaims in that case. Thus, defendant's counsel states that the cancellation of that trial "allowed Government counsel to make vacation plans, which unavoidably conflict with oral argument scheduled in the [Nelson] matter on July 31, 2007." As the court notes above, oral argument in this case has been scheduled since May 31, 2007. It surprises the court that defendant's counsel would agree to schedule oral argument two months in advance, only to request rescheduling argument less than two weeks before oral argument because she has chosen instead to make vacation plans.

**Plaintiffs Shall File Additional Briefing**

In Count Three of plaintiffs' Amended Complaint and more specifically, in plaintiffs' Response to defendant's Motion to Dismiss Count Three, plaintiffs argue that they are third-party beneficiaries of "1) the agreement between the prime contractor and the Government to modify the remittance terms of the prime contract; and/or 2) the Assignment Agreement assented to by the Government." Plaintiffs' Resp. to Def.'s Mot. to Dismiss Count Three 1-2. Plaintiffs allege that they have "alleged specific facts sufficient to survive the Government's [RCFC] 12(b)(1) motion," id. at 7, and that the discovery process "will reveal additional documents evidencing the third-party beneficiary agreement." Id. at 7 n.2. On May 8, 2007, defendant filed a Notice of Additional Authority ("Notice"), regarding the decision in Rivera Agredano v. United States, 76 Fed. Cl. 315 (2007). In its Notice, defendant asserts that Rivera Agredano is relevant to Count Three of plaintiffs' Amended Complaint and the issue of parol evidence. Defendant maintains that the analysis of third-party beneficiary status begins with the contract, and if the terms of the contract are unambiguous, then parol evidence cannot be introduced to supplement or interpret the contract. Notice 1. **Thus, by no later than Friday, August 31, 2007, plaintiffs shall file a response to defendant's assertions regarding parol evidence being introduced to establish third-party beneficiary status.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge