**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| NELSON CONSTRUCTION COMPANY, an Idaho corporation; and DONALD J. NELSON,<br><br>Plaintiffs,<br><br>v.<br><br>The UNITED STATES operating through the UNITED STATES DEPARTMENT OF TRANSPORTATION, FEDERAL HIGHWAY ADMINISTRATION, WESTERN FEDERAL LANDS HIGHWAY DIVISION,<br><br>Defendant. | Case No. 05-1205C<br>(Judge Margaret M. Sweeney) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S NOTICE OF ADDITIONAL AUTHORITY**

The Plaintiffs, NELSON CONSTRUCTION COMPANY and DONALD J. NELSON (hereinafter collectively referred to as "NCC"), by and through its counsel of record, the law firm of TROUT ♦ JONES ♦ GLEDHILL ♦ FUHRMAN, P.A., hereby submit the following in response to Defendant's Notice of Additional Authority.

## INTRODUCTION

On May 8, 2007, the United States (hereinafter "Defendant") filed a Notice of Additional Authority [Docket No. 36] (hereinafter "Notice" or "Def.'s Notice") in Support of its Motion to Dismiss Count Three of NCC's Complaint.[1] Specifically, Defendant asserted that the Court of

[1] Count Three of the NCC Complaint is premised upon a third-party beneficiary theory of recovery.

Claims recent decision of *Rivera Agredano v. United States,* 76 Fed. Cl. 315, 2007 WL 1300766 (May 3, 2007) is "relevant" to the issue of parol evidence discussed in NCC's Memorandum in Opposition [Docket No. 34]. Although not entirely clear, the Defendant appears to suggest that, pursuant to *Rivera Agredano*, the parol evidence rule bars NCC from presenting extrinsic evidence to demonstrate their status as third-party beneficiaries. However, as will be set forth in more detail below, *Rivera Agredano* does not support Defendant's argument in this regard and Defendant's Notice of Additional Authorities should, therefore, be disregarded.[2]

## ARGUMENT

Contrary to Defendant's assertions, *Rivera Agredano* does not support its Motion to Dismiss. In fact, despite the factually distinguishing factors, the holding actually supports NCC's position in this case that parol evidence can and should be considered in considering NCC's third-party beneficiary status to the contract at issue.

The Defendant's Notice contains no argument but does appear to summarize those points in *Rivera Agredano* which it deems particularly significant. This memorandum will discuss each of those three (3) points in turn.

---

2 By way of background, in *Rivera Agredano*, the purchaser of vehicle at a federal forfeiture auction and his passenger in the vehicle brought suit against the United States seeking compensation for damages they suffered when vehicle was stopped at Mexican checkpoint and found to contain seventeen kilograms of marijuana hidden beneath upholstery. Plaintiffs asserted breach of warranty, breach of contract, and breach of covenant of good faith and fair dealing. After the United States Court of Federal Claims partially granted the government's motion for summary judgment which *inter alia,* dismissed the passenger-plaintiff's claims, both plaintiffs moved for reconsideration relying primarily upon new evidence which allegedly demonstrated that future occupants of the vehicle were anticipated third party beneficiaries to the vehicle sales contract. *See Agredano*, 76 Fed.Cl. at 318. On appeal, the United States Federal Court of Claims held that the new evidence did not warrant reconsideration of the ruling that a passenger in a vehicle purchased at a federal forfeiture auction was not a third-party beneficiary of a contract of sale between purchaser and the government. In so holding, the Court of Claims noted that the contract did not support a third-party beneficiary claim, that the "new evidence" failed to paint to any contractual term which indicated an intent to make vehicle passengers third-party beneficiaries under the contract at issue and, in fact, the new evidence was irrelevant under the parol evidence rule which bars parties to written, integrated contracts from supplementing or interpreting the contract with oral or parol statements that conflict with, supplant or controvert the language of the agreement itself which, in this case, included an "as is, where is" clause. *See id.* at 316-319.

## A. The Defendant's Citation to Argument of Counsel has No Controlling or Persuasive Value.

In support of its' claim that the *Rivera Agredano* holding is "relevant" for the Court's consideration on the pending Motion to Dismiss, Defendant first argues:

> In Rivera Agredano, the Court ***held*** that given that third-party beneficiary analysis begins with an examination of the contract itself, and only extends beyond the contract to parol evidence if a clear intent to benefit a third party is suggested but not expressly stated, the plaintiffs could not introduce parol statements in an attempt to interpret the meaning of the written contract..

Def. Notice at 1 (underline emphasis in Def.'s Notice; bold/italic emphasis added). Defendant's argument is not only without merit, but its argument misrepresents the holding of the *Rivera Agredano* court.

Contrary to the Defendant's argument, the *Rivera Agredano* court ***did not "hold"*** that "third-party beneficiary analysis begins with an examination of the contract itself, and only extends beyond the contract to the parol evidence if a clear intent to benefit a third party is suggested but not expressly stated." While the quotation is contained within the court's analysis in *Rivera Agredano*, *see id.* at p. 318, the *Rivera Agredano* court was actually quoting from briefing filed by the defendant in that case.[3] *Id.* Interestingly, the defendant in *Rivera Agredano* is also the Defendant in this case – and represented by the same division and branch of the Justice Department. Accordingly, rather than citing a rule of law, the Defendant is, in effect, citing to itself. However, the referenced statement was not adopted by the Court in *Rivera Agredano*, *see id.* at 318-19. The Defendant's prior briefs clearly do not constitute binding authority.

---

[3] The defendant in *Rivera Agredano* cited to another case, *Federal Deposit Ins. Corp. v. United States*, 342 F.3d 1313, 1319 (Fed.Cir.2003). Examination of the *Federal Deposit Ins. Corp.* case reveals nothing to support the language now employed by the Defendant. Instead, *Federal Deposit Ins. Corp.* case simply makes the customary observation that "[i]n order to create rights in a third party, the contract must reflect the express or implied intention of the parties to benefit the third party." 342 F.3d at 1319. The court in *Federal Deposit Ins. Corp* did not discuss the parol evidence rule. *See id.*

**B. The Court's Holding in *Rivera Agredano* is Not a New Statement of Law, is Based Upon Facts which are Distinguishable from those in the Instant Case and, Therefore, Does Not Support Defendant's Claim that the Parol Evidence Rule is Applicable.**

Defendant next submits:

> The parol evidence rule provides that if a contract is integrated, barring certain limited exceptions, a party to a written contract cannot supplement or interpret that agreement with oral or parol statements that conflict with, supplant, or controvert the language of the written agreement itself.

Def. Notice at 1; *see Rivera Agredano*, 76 Fed.Cl. at 319. This is not a new statement of law. Rather, it is a standard summary of the parol evidence rule. Moreover, as the language used by the Defendant makes clear, however, the parol evidence rule does not apply in the present case.

In order to apply the parol evidence rule, the party asserting the rule (in this instance the Defendant) must (1) establish that the writing was a complete and final integrated agreement, and (2) that the evidence the party seeks to exclude actually contradicts the terms of the existing writing. *Design and Production, Inc. v. United States*, 18 Cl.Ct. 168, 194-95 (1989); *see Rivera Agredano*, 76 Fed.Cl. at 319. Here, the Defendant can do neither.

In *Rivera Agredano*, it was uncontested that the writing in question was a fully integrated contract. *See* 76 Fed.Cl. at 319. In contrast, the agreement at issue in the instant case was not a final or complete contract. Moreover, the agreement does not contain an integration clause. *See* Am. Compl., Exs. B, C [Docket No. 21] (collectively referred to herein as "agreement"). The Defendant has failed to argue that the agreement was an integrated contract. However, even if the Defendant had done so, parol evidence is always admissible when determining whether or not a writing is integrated. *Design and Production*, 18 Cl.Ct. at 195.

Additionally, before the parol evidence rule can be applied it is the Defendant's burden to show that the evidence it wishes to exclude would "conflict with, supplant, or controvert the

language of the written agreement itself." *Rivera Agredano*, 76 Fed.Cl. at 319; *Design and Production*, 18 Cl.Ct. at 195. There is nothing in the agreement in question that would be in conflict with parol evidence introduced to show that Nelson and NCC are third-party beneficiaries of the agreement. In fact, the Defendant has not even argued the existence of a conflict. Accordingly, the parol evidence is not applicable to the instant case and *Rivera Agredano* is not "relevant" to the Court's consideration of Defendant's Motion to Dismiss.

**C. NCC Acknowledges its Ultimate Burden in Proving its Third-Party Beneficiary Status.**

Finally, Defendant supports its "relevancy" argument by referring to the following from the *Rivera Agredano* holding:

> The [*Rivera Agredano*] Court noted that a party must prove third-party beneficiary status under contract by demonstrating that the contract reflects the express or implied intention of the parties to benefit the third-party directly.

Def.'s Notice at 1; *see Rivera Agredano*, 76 Fed.Cl. at 319.

NCC does not dispute that the *Rivera Agredano* court accurately set forth its ultimate burden in the case at bar. As described above, however, the parol evidence rule does not bar NCC from using parol/extrinsic evidence in meeting its burden.

**CONCLUSION**

Unlike the "as is, where is" contract in *Rivera Agredano*, the agreement at issue in the instant case was not an integrated contract. The Defendant has not argued otherwise. Furthermore, and also unlike *Rivera Agredano*, parol evidence introduced to demonstrate that Nelson and NCC were third party beneficiaries would not be in conflict with the text of the agreement itself. Accordingly, neither *Rivera Agredano* nor the parol evidence rule applies to this case.

DATED this 31st day of August, 2007.

TROUT ♦ JONES ♦ GLEDHILL ♦ FUHRMAN, P.A.

/s/

Kim J. Trout
P.O. Box 1097
Boise, Idaho 83701
225 N. 9th St., Ste. 820
Boise, Idaho 83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Attorneys for Plaintiffs,
NELSON CONSTRUCTION COMPANY and
DONALD J. NELSON