IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| NELSON CONSTRUCTION COMPANY, AND DONALD J. NELSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1205C (Judge Margaret M. Sweeney ) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S NOTICE OF ADDITIONAL AUTHORITY

Defendant, the United States, respectfully submits the following reply to Plaintiff's Response To Defendant's Notice Of Additional Authority (Pl.'s Response)[1].

In our Notice we stated that in Rivera Agredano v. United States, 76 Fed. Cl. 315 (2007), the Court held that given that third-party beneficiary analysis begins with an examination of the contract itself, and only extends beyond the contract to parol evidence if a clear intent to benefit a third party is suggested but not expressly stated, the plaintiffs could not introduce parol statements in an attempt to interpret the meaning of the written contract. The parol evidence rule provides that if a contract is integrated, barring certain limited exceptions, a party to a written contract cannot supplement or interpret that agreement with oral or parol statements that conflict with, supplant, or controvert the language of the written agreement itself.

In its July 16, 2007 order, the Court, in summarizing our Notice, correctly stated that the

[1] On May 8, 2007, we filed a two-page Notice of Additional Authority. In its May 16, 2007 order, Nelson was given until May 30, 2007, to respond, the Government ten days thereafter to file a reply. Nelson did not file a response by the May 30, 2007 deadline. In a July 18, 2007 order, Nelson was ordered to file a response by August 31, 2007. On August 31, 2007 Nelson filed its six page response. Although the July 18, 2007 order did not specify a deadline within which we could file a reply to Nelson's response, we assume that we have the ten days specified in the May 16, 2007 order.

Government's position is that Rivera Agredano is relevant to Count Three of Nelson's amended complaint and the issue of parol evidence, and that we maintain that the analysis of third-party beneficiary status begins with the contract, and if the terms of the contract are unambiguous, then parol evidence cannot be introduced to supplement or interpret the contract.

The Court in Rivera Agredano held that the parol evidence offered by plaintiff did not warrant reconsideration of the Court's holding that plaintiff was not a third-party beneficiary of a contract for sale between the purchaser and the Government. Rivera Agredano, 76 Fed. Cl. at 319. In so holding, the Court quoted the well-established law that third party beneficiary analysis begins with an examination of the contract itself and that a party proves third-party beneficiary status by demonstrating that the contract reflects the express or implied intention of the parties to benefit the third-party directly. Id. Our only purpose in filing the Notice was to direct the Court's attention to a case addressing third-party beneficiary status involving the consideration of parol evidence. We continue to maintain that the contract at issue here does not reflect the express or implied intention of the parties to benefit a third-party directly, and, therefore, Nelson should not be permitted to offer parol evidence to interpret or supplement the contract.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

September 7, 2007

Attorneys for Defendant