# In the United States Court of Federal Claims

No. 05-1205 C
(Filed: November 18, 2008)

```
*************************************
NELSON CONSTRUCTION COMPANY,  *
and DONALD J. NELSON,         *
                             *
           Plaintiffs,        *
                             *
v.                           *
                             *
THE UNITED STATES,            *
                             *
           Defendant.         *
*************************************
```

## RULING ON DEFENDANT'S MOTION TO COMPEL

Before the court are Defendant's Motion to Compel Givens Pursley, LLC to Produce Documents Responsive to the Subpoena, exhibits appended to defendant's motion, and a declaration from defendant's counsel in support of its motion. In its motion, defendant requests that the court order the law firm of Givens Pursley, LLC ("Givens Pursley") to produce documents that are responsive to a March 11, 2008 subpoena duces tecum seeking documents pertaining to Lemhi Environmental Diversified, Inc. ("Lemhi").[1] Plaintiff Nelson Construction Company was Lemhi's major subcontractor on the contract Lemhi was awarded. See supra note 1. According to defendant, Givens Pursley has refused to produce certain documents that are responsive to defendant's subpoena pertaining to Lemhi, a defunct corporation, on the basis of the attorney-client privilege.[2]

---

[1] The subpoena, which was served on March 13, 2008, sought

all documents pertaining to the contract between the United States Department of Transportation, Federal Highway Administration, Western Federal Lands Highway Division, and Lemhi Environmental Diversified, Inc., Contract[] No. DTFH70-01-C00017, also referred to as "Atlanta Road PFH 82-1(1);" to Lemhi Environmental Diversified, Inc.; and to Roderick Ariwite, Daniel (Don) Copeland and Henry (Buck) Haller.

Def.'s Ex. A.

[2] Lemhi was administratively dissolved in the State of Idaho in 2003. Decl. Leslie Cayer Ohta Supp. Def.'s Mot. Compel Givens Pursley Produc. Docs. Responsive Subpoena ("Ohta

According to defendant's counsel, Daniel Copeland, one of the principals of Lemhi, was willing to waive the attorney-client privilege for the time period during which he was a principal. Ohta Decl. ¶ 8.  However, Givens Pursley indicated that Mr. Copeland was not authorized to waive the attorney-client privilege. Id.  Furthermore, defendant's counsel indicates that Givens Pursley "wanted the Court to order the production of the withheld documents so that the law firm would be protected."[3]  Id.

The United States Supreme Court has recognized that the attorney-client privilege may be invoked by a corporate entity.  See Upjohn Co. v. United States, 449 U.S. 383, 389-90 (1981) ("[C]omplications in the application of the privilege arise when the client is a corporation, which in theory is an artificial creature of the law, and not an individual; but this Court has assumed that the privilege applies when the client is a corporation.").  The analyses and rationales for asserting the attorney-client privilege, however, differ between corporate entities and individuals. See Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 348, (1985) (noting that a corporation, as an inanimate entity, must act through agents and indicating that the power to waive the corporate attorney-client privilege for solvent corporations rests with the corporation's management, whereas an individual "can act for himself; there is no 'management' that controls a solvent individual's attorney-client privilege").  It has been recognized that the attorney-client privilege survives the death of a client when the client is a natural person.  Swidler & Berlin v. United States, 524 U.S. 399, 403-06 (1998).

Although Weintraub "does not address whether a defunct corporation should be considered a 'client' for purposes of the attorney client privilege, . . . courts have relied on its reasoning to conclude, one way or the other, whether a corporation remains a 'client' after a bankruptcy estate is closed."  Lewis v. United States, No. 02-2958B/AN, 2004 WL 3203121, at *4 (W.D. Tenn. 2004).  In fact, several courts adhere to the principle that a dissolved corporation does not have the right to assert the attorney-client privilege.  See, e.g., City of Rialto v. U.S. Dep't of Defense, 492 F. Supp. 2d 1193, 1199 (C.D. Cal. 2007) (concluding that the special master correctly determined that a dissolved corporation may not assert the attorney-client privilege); Gilliland v. Geramita, No. 2:05-CV-01059, 2006 WL 2642525, at *4 (W.D. Pa. Sept. 14, 2006) (noting that "there should be a presumption that the attorney-client privilege is no longer viable after a corporate entity ceases to function, unless a party seeking to establish the privilege demonstrates authority and good cause," and concluding that "counsel has no duty to assert the privilege on behalf of a non-functioning corporation"); Lewis, 2004 WL 3203121, at

_____

Decl.") ¶ 2(h).

[3]  Givens Pursley's response to defendant's motion was due on October 17, 2008; however, no response was filed.  On November 17, 2008, defendant filed a Notice Regarding Status of Motion to Compel Givens Pursley, LLC to Produce Documents Responsive to the Subpoena in which it indicated that "Givens Pursley does not intend to file any opposition, or any response, to the Government's motion to compel."  Def.'s Notice Regarding Status Mot. Compel Givens Pursley, LLC Produc. Docs. Responsive Subpoena 1.

*4-5 (concluding that the "attorney-client privilege cannot be applied to a defunct corporation" where the corporation "is bankrupt and has no asserts, liabilities, directors, shareholders, or employees"); In re JMP Newcor Int'l, Inc., 204 B.R. 963, 964, (Bankr. N.D. Ill. 1997) (distinguishing between the attorney-client privilege, which belongs to the client and ceases to exist when the corporate client dissolves, and the work-product doctrine, which "belongs to both the attorney and the client" and continues after the conclusion of litigation).

Notwithstanding this line of cases, the issue of whether the attorney-client privilege can be invoked by a defunct corporation is ultimately unsettled.  In re Grand Jury Subpoena #06-1, 274 Fed. App'x 306, 309 (4th Cir. 2008); see also Gilliland, 2006 WL 2642525, at *2 (indicating that "there is very little precedent regarding the attorney-client privilege of non-operating, defunct corporations").  Although Lewis, City of Rialto, and Gilliland are persuasive authority, the court ultimately need not reach the determination of whether Lemhi can, as a defunct corporate entity, invoke the attorney-client privilege.  As discussed in note 3, supra, Givens Pursley has not contested defendant's motion.  Indeed, according to defendant's counsel, Givens Pursley "want[s] the Court to order the production of withheld documents so that the law firm would be protected."  Ohta Decl. ¶ 8.  Accordingly, defendant's motion is **GRANTED**.  Givens Pursley shall, **by no later than Monday, December 1, 2008**, produce to defendant those documents that are responsive to defendant's subpoena duces tecum and that were withheld on the basis of the attorney-client privilege.

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge